SMITH, Appellant, v. CITY OF WESTPORT et al.

Division Two, May 19, 1903.

**Appellate Jurisdiction:** CLOUD ON TITLE. The fact that taxbills, issued for the macadamizing of a street, may be clouds upon the title of the abutting property-owner, does not give the Supreme Court jurisdiction of an appeal from a judgment in a cause to remove such taxbills as a lien on the title. Such proceeding does not involve title within the meaning of the Constitution giving the Supreme Court jurisdiction of an appeal in a cause involving title to real estate.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*C. H. Nearing* for appellant.

*Karnes, New & Krauthoff* for respondents.

BURGESS, J.—This is an equitable proceeding the purpose of which is to remove, as a cloud upon plaintiff's property, the lien of certain taxbills issued by the city of Westport, a city of the fourth class, for the macadamizing of Holmes street in said city between Thirty-first and Thirty-third street, upon which plaintiff's property fronts. The trial resulted in a judgment for defendants, dismissing plaintiff's petition. She appeals.

There is nothing disclosed by the record in this case which gives jurisdiction to the Supreme Court over it. The petition is silent as to the amount involved, and no question is presented involving a construction of the Constitution of this State. The mere fact that the taxbills may be clouds upon plaintiff's title does not confer jurisdiction upon this court. Barber Asphalt Paving Co. v. Hezel, 138 Mo. 228, was an action upon a special taxbill, and it was held that the Supreme Court is not the proper appellate court from a proceeding in the circuit court adjudging a taxbill for $217.50 for street improvements to be invalid and that the taxbill was a cloud on the title to the real estate in said suit described, and decreeing that such cloud be removed. That such proceeding and judgment does not involve title to real estate within the meaning of the Constitution.

It follows that the appeal was improperly taken and certified to this court, and it is therefore transferred to the Kansas City Court of Appeals. All of this Division concur.