SHEWALTER v. CITY OF LEXINGTON et al.

(Circuit Court, W. D. Missouri, W. D.   January 15, 1906.)

No. 2,959.

1. FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY—FEDERAL QUESTION.

The fact that a suit in a federal court involves a federal question is not sufficient to confer jurisdiction unless the amount involved exceeds $2,000.

[Ed. Note.—Jurisdiction of Circuit Courts as determined by the amount in controversy, see note to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

2. SAME—CLOUD ON TITLE—LIENS.

Where a bill in a federal court to set aside certain assessment certificates for a street improvement alleged that complainant was in possession of the land in controversy through his tenant, and the contractor holding the certificates was not claiming a lien on the street or parkway, a complainant was not entitled to sustain the jurisdiction of the court by claiming that the improvement ordinance which vacated a 75-foot street had the effect to immediately vest the title to the middle of the street in the adjoining owners, and that the subsequent act of the city in appropriating a part of the property for a street and parkway without condemnation and compensation to complaint was illegal.

3. SAME.

Where suit was brought in a federal court to quiet title to certain property as against certain street improvement certificates amounting to less than $2,000, the amount of the certificates, and not the value of the land, constituted the subject-matter of the action, and was therefor insufficient to confer jurisdiction.

J. D. Shewalter, for complainant.
Edward C. Gates, Scarritt, Griffith & Jones, for defendants.

PHILIPS, District Judge.   It will clarify the question of jurisdiction raised by the demurrer to briefly state the origin of this controversy.   The complainant owns certain lots of ground, fronting 65 feet on Main street in the city of Lexington, Mo.   As laid off and platted, this street was 75 feet in width.   The city, which is one of the third class under the divisional classification of the statute, by ordinance, narrowed the roadway of this street to 24 feet, designating the balance of the street as a "park area."   While the bill of complaint alleges that the ordinance first vacated the original street, and afterwards undertook to open it by a 24-foot roadway, it discloses the fact that the same ordinance, and necessarily, as an integral part thereof, provided for the paving, guttering, etc., of the 24 feet as a roadway, and for parking the residue of the 75 feet.   While the pleader has not set out the ordinance, it may not be strained to infer that the ordinance, as pleaded, viewed as an entirety, indicates the legislative intent to reconstruct, rather than to abandon any part of the street hitherto dedicated to public use.   Pursuant to the ordinance passed by the city, the defendant Brindle did the contract work of grading, paving, and curbing the street and parkway, for which work certificates, under the statute, were issued to him by the city.

The bill of complaint assails the validity of this tax certificate on

143 F.—11

various grounds; and alleges that said Brindle threatens to enforce the payment of said tax certificate against the complainant's lots as a lien thereon under the statute. The bill prays for an annulment of any title or claim asserted by the defendants, or either of them, to the real estate in question "arising by and under the passage of the aforesaid resolutions, ordinances, contracts, and the issuing of said tax bill, and the asserted claim of title and right to the property of your orator arising thereunder"; that the resolution, ordinances, and the contract for the paving, etc., and the issuing to the contractor a lien for the alleged improvements, and the cloud cast upon the strip of ground thereby by the defendants' acts, be annulled; and that the complainant be decreed the owner of the property, free from any claims upon the part of the defendants, or either of them, and that he be declared entitled to the peaceable, quiet enjoyment of the property.

The separate demurrers filed by the defendants, as urged at the hearing, present the single question of jurisdiction, on the ground that the amount in dispute does not exceed $2,000, exclusive of interest and costs. It must be conceded that under the judiciary act to confer jurisdiction on this court over this controversy it is indispensable that the bill should show affirmatively that the amount in dispute exceeds $2,000, exclusive of interest and costs. The fact that the suit may involve a federal question is not sufficient to confer jurisdiction unless the amount exceeds $2,000. Fishback v. W. Tel. Co., 161 U. S. 99, 100, loc. cit. 16 Sup. Ct. 506, 40 L. Ed. 630. It is apparent on the face of the bill, from the cost per square yard of the paving, etc., that the amount assessed against complainant's lots is far below the sum of $2,000. The allegation of the bill, relied upon by the complainant as to the jurisdictional amount, is as follows:

"That the matter in dispute, which is the title to certain real estate, exceeds the sum or value of $2,000, which real estate is situated within the territorial jurisdiction of this honorable court, and by these proceedings your orator seeks to quiet the title to the said real estate, remove a cloud from the title thereof, and to decree the title to be in your orator, as against the defendants herein, who, as hereinafter alleged more fully, are setting up a claim and lien to the said real estate, and are threatening to sell the same and acquire the title thereto."

From the foregoing allegation the bill does not contain all the requirements of the statute. But waiving this, does the actual matter in controversy between these parties, the grievance complained of by the complainant, and the claim made by the respondents, involve the title to the lots in question in the sense of the jurisdictional amount in suit? Evidently the pleader had in mind to give color of jurisdiction to the court outside of the amount of the certificates for the work done, by claiming that the first part of the ordinance in question, vacating the 75-foot street thereby, under the statute of the state, which provides where a street is vacated or abandoned by such a city the title to so much of it as abuts on the lot or lots of the adjoining landowner shall revert to such owner, eo instante vested the title in the owner of the lots to the middle of the street; and that notwithstanding the same legislative act proceeded to limit the roadway of this street to 24 feet, and declared the balance of the 75-foot street to

be a parkway, the city thereby, in effect, without condemnation proceedings and compensation to the complainant, undertook to appropriate a part of his property by building a part of the 24-foot roadway and establishing a parkway thereon. It cannot be said from the averment of the bill whether the valuation placed upon the lot is limited to the lots as they abutted on the 75-foot street, or whether it includes the addition claimed to have been made thereto by the vacation of the street.

Of this contention it may be observed that there can be no pretense of claim that the tax certificates issued by the city were placed upon the streetway, which it claims to have opened, or that Brindle, the contractor, is claiming a lien on the 24-foot street and parkway. Such certificate for that part of the land would be void on its face. Such a contention is furthermore absurd for the reason that the bill alleges that the complainant is in possession of the land in controversy through his tenant. It is hardly conceivable that a tenant of the complainant could be in possession of a street on which the city has constructed a pavement, established a parkway, and built curbing around it, as the bill of complaint alleges. If the city is in possession thereof, using it as a public highway and parkway, without authority of law, and the complainant is the owner in fee thereof, the city is simply a trespasser, and the complainant would have a clear, adequate, complete, and efficient remedy at law by the simple action of ejectment. Furthermore, the defendant Brindle, who simply holds the tax certificate on the lots of the complainant, is not in possession of this public highway of the city, nor asserting any claim thereto or use thereof; and there would be, manifestly, on the face of such a bill or petition, no community of interest between the two defendants involving the title to the street and parkway. Reduced to its sensible analysis, the gravamen of this bill is to get rid of the tax certificate as purported lien upon the complainant's adjacent lots.

The Supreme Court has repeatedly said:

"By matter in dispute is meant the subject of litigation—the matter for which the suit is brought—and upon which issue is joined, and in relation to which jurors are called and witnesses examined." Lee v. Watson, 1 Wall. 339, 17 L. Ed. 557.

Or, as expressed by Chief Justice Fuller, in Wheless v. St. Louis et al., 180 U. S. 379, 382, 21 Sup. Ct. 402, 403, 45 L. Ed. 583:

"The 'matter in dispute' within the meaning of the statute is not the principle involved, but the pecuniary consequence to the individual party, dependent on the litigation, as, for instance, in this suit the amount of the assessment levied * * * as against each of the complainants."

Stripped of involved statements and reduced to its last analysis, the validity of the assessments made on the complainant's lots—which is less than $2,000—is the matter in dispute. The lien cannot be enforced for any more. The essence of the suit is to have that assessment declared invalid. This done, the complainant has no controversy, as the burden of his prayer is to be relieved from this tax. In Douglass Co. v. Stone (C. C.) 110 Fed. 812, the suit was to enjoin the enforcement of a tax levied on certain lands under claimed statu-

tory authority. There, as here, the jurisdiction of the federal court as to the amount in dispute was sought to be sustained on the ground that the lien constituted a cloud on the title. The court, on page 814 of the opinion, said:

"It is contended in argument of counsel for the plaintiff that it is not the amount of taxes the collection of which is sought to be enjoined that fixes the jurisdiction of the court, but the value of the land on which the taxes are assessed. This contention is based on the allegation that the object of the suit is to remove a cloud upon the title, and that in such a suit the value of the land fixes the jurisdiction. But the title to the land on which the tax is assessed is not involved. The question is as to the amount of taxes due, if any."

So in McDaniel et al. v. Traylor et al. (C. C.) 123 Fed. 338, 339, the action was brought by certain heirs to set aside judgments rendered by a probate court in favor of different defendants against the estate, which demands were alleged to constitute a lien on the real estate. After discussing the right of the several complainants to maintain joint action, the aggregate of whose interests exceeded the value of $2,000, the court said:

"Nor can the jurisdiction of the court be sustained upon the ground that the value of the real estate on which these judgments are liens, and consequently clouds on complainants' title, exceeds the sum of $2,000 for the value in dispute is not the value of the property on which the judgment is a lien, but the amount of each judgment, or the amount each defendant will have to be paid to release his lien if his judgment is not set aside. * * * What is the object of this suit? Not the title to the land, but to cancel judgments which incidentally are liens on the land. The rule would be different if the cloud on the title consisted of a claim on the part of the defendants which would effect the absolute title of the property, and which could not be discharged by the payment of money. In such a case, the title to the land being involved, its value determines the jurisdiction of the court. This distinction is fully recognized in the principal case relied upon by counsel for complainants. Woodside v. Ciceroni, 35 C. C. A. 177, 93 Fed. 1. The demurrer to the jurisdiction must be sustained and the bill dismissed."

It is true that this case was reversed by the Supreme Court (McDaniel v. Traylor, 196 U. S. 415, 25 Sup. Ct. 369, 49 L. Ed. 533), but the reversal was upon the ground that as the judgments were obtained pursuant to a fraudulent conspiracy among the alleged judgment creditors, if any one of the claims adjudged was good all were good, and the prosecution of one could not be enjoined unless all were enjoined, and therefore the aggregate amount of the judgments constituted the amount in dispute, notwithstanding the amounts of the judgments separately were less than $2,000. But it does not affect the ruling of the Circuit Court that in such case the value of the land is the criterion for determining the jurisdictional amount. On the contrary, it holds that the jurisdiction does not depend on the value of the complainant's interest in the real estate from which the cloud is sought to be removed, but on the aggregate amount of the liens of all the defendants' claims which had been allowed by the probate court against the intestate's estate pursuant to the alleged combination.

The contention of the learned counsel that the value of the land and not the amount of the lien is the matter in dispute, it seems to me, is effectually settled by the Supreme Court in Ogden City v. Arm-

strong, 168 U. S. 224, 18 Sup. Ct. 98, 42 L. Ed. 444. Assessments had been illegally made upon complainant's real estate for paving a street. The several property owners affected thereby brought a joint bill, alleging that, under the ordinance assessing the properties of the complainants, the property was about to be exposed for sale to satisfy the assessments, and that it was threatening to continue to sell said real estate annually for 10 years as each installment of said assessment became due, whereby the plaintiffs have been compelled to pay certain amounts in order to prevent a sale of their property, and to prevent a cloud upon their titles; and that certain of their real estate had already been sold to satisfy the alleged illegal assessments. The prayer was that the ordinance and assessments might be declared void, and to restrain the defendants from further proceeding thereunder; that the sales of real estate be set aside, and for general relief. Both the allegations of the bill and the prayer for relief involved the matter of the cloud on the title, and the setting aside the sale of the land, etc., yet, the court dismissed the bill as to those complainants whose respective assessments did not account to the requisite appealable sum, and retained jurisdiction as to the one whose assessment carried on through 10 years would amount to the requisite sum.

In Wheless v. St. Louis et al., supra, involving the validity of an assessment constituting a lien on the abutting property of the complainant on the front foot rule of Missouri, the Circuit Court dismissed the bill on the ground that the amount assessed respectively to the complainants in the bill did not exceed $2,000, etc. Mr. Justice Fuller, who delivered the opinion of the court, held that the matter in dispute was the amount of the assessment made upon the real estate; and, inasmuch as the amount of the assessment against each of the complainants did not exceed the sum of $2,000, etc., he held that the court was without jurisdiction. The court said:

"If a decision on the merits were adverse to the assessment each of the complainants would be relieved from payment of less than $2,000. If the assessment were sustained, neither of them would be compelled to pay so much as that. It is true that the assessment has not been made, but the charge is that it is threatened to be made, and the purpose of the bill is to enjoin proceedings about to be taken to that end. We agree with the Circuit Court that in these circumstances there is no force to the suggested distinction between a case where the assessment has not in fact been made and a case where it has already been made. When made, neither one of these complainants will be called upon to pay a sum equal to the amount of $2,000, nor will any one of the lots be assessed to that amount."

I am unable to perceive the force of the distinction drawn by the learned counsel, pro se, between a prayer to enjoin the enforcement of the assessment, which necessarily includes the effect of a decree annulling the tax certificates, and a suit which omits the special prayer for injunctive relief, but asks that the assessment be declared void and thereby whatever seeming shadow it casts upon the title be removed. It has never occurred to counsel or the courts in the multitude of litigation contesting the validity of such assessments for street improvements, that where the amount assessed was below $2,000 the controversy might be brought into the federal court to determine the

validity of such a tax lien by merely omitting a prayer for injunction, and limiting it to a decree annulling the assessment and declaring the land free from the pretended lien.

The Supreme Court of this state has uniformily held that a suit contesting the validity of such tax bill for street improvements, even where it is alleged that such tax bill casts a cloud on the title to the real estate, does not involve the title to the real estate within the meaning of the Constitution, which gives appellate jurisdiction to the Supreme Court of the state over all controversies affecting the title to real estate. Barber Asphalt Paving Co. v Hezel, 138 Mo. 228, 39 S. W. 781; Smith v. City of Westport, 174 Mo. 394, 74 S. W. 610; Syenite Granite Company v. Bobb, 97 Mo. 46, 11 S. W. 225; Corrigan v. Morris, 97 Mo. 174, 10 S. W. 880. The law disregards the mere nomenclature given to a pleading, but looks rather to its substantive effect. The distinction is palpable between this and that class of cases like qui tam actions, and to remove clouds on title under claim of ownership based on record title, and the like, in which it is held that the amount in dispute, to determine the jurisdiction, is the value of the land, and not the interest asserted thereto by the adverse claimants. See Smith v. Adams, 130 U. S. 167, 9 Sup. Ct. 566, 32 L. Ed. 895. Such was the nature of the following cases: Peirsoll v. Elliott, 6 Pet. 95, 8 L. Ed. 332; Stark v. Starr, 6 Wall. 409, 18 L. Ed. 925; Jones v. Bolles, 9 Wall. 364, 19 L. Ed. 734; Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52; Lehigh Z. & I. Co. v. N. J. Z. & I. Co. (C. C.) 43 Fed. 545.

It results that the bill must be dismissed for want of jurisdiction, without prejudice.