## MORTIMER R. PLATT, Jr., v. PARKER-WASH-
INGTON COMPANY et al., Appellants.

### Division One, July 1, 1911.

1. **QUIETING TITLE: Appellate Jurisdiction: Validity of Special
Taxbill.** Where the only question to be adjudicated, according
to the pleadings, and the only question actually adjudicated in
the trial court, was the validity of a special taxbill for $618.13,
and whether or not it constituted a lien on plaintiff's land,
the title to which he asserts, and defendants admit, to be in
him, the Supreme Court has no jurisdiction of the appeal, al-
though the suit is brought under section 650, Revised Statutes
1899, to quiet title. Since plaintiff could not by a direct bill
in equity to cancel the taxbill make a case to come to the
Supreme Court, he cannot accomplish the same result under
the guise of a suit to quiet title when his title is not disquiet.

2. ———: ———: **Things Considered.** In determining the matter
of jurisdiction the court looks to the real issues in the case,
the real question to be decided, and not to abandoned or
fictitious issues.

3. ⸺: ⸺: **Special Taxbill: Cloud on Title.** The Supreme
Court has no jurisdiction of a suit to cancel a special taxbill
for an amount within the appellate jurisdiction of court of ap-
peals, on the theory that such taxbill is a cloud upon the
plaintiff's title.

Appeal from Jackson Circuit Court.— *Hon. Walter A.*
*Powell,* Judge.

Transferred to Kansas City Court of Appeals.

*Ball & Ryland* for appellant.

*Clyde Taylor* for respondent.

(1) The appellant prayed and was allowed an
appeal to this court. Respondent does not question its
jurisdiction and is desirous that a decision should be
had without the delay of certification to the Court of
Appeals, for the reason, among others, that the taxbill
in question is drawing interest at the rate of ten per
cent per annum. It is submitted that this court has
jurisdiction. It is recognized that in suits upon tax-
bills it has been held that the jurisdiction is in the
Court of Appeals. The peculiar nature, however, of
an action under section 650, requiring, as it does, that
the court ascertain and decree the title and interest of
the various parties, would seem to make a case involv-
ing the title to real estate within the meaning of the
Constitution. Under the pleadings in this case it was
incumbent upon the court to decree whether or no
the title was in the plaintiff. A judgment only that the
taxbill was void would not have been responsive. The
judgment under section 650 would have to do more;
i. e., would have to decree in whom the title was. This
is made especially clear in the case of Armor v. Frey,
226 Mo. 663. (2) This action is properly brought
and the relief was properly granted under Sec. 650,
R. S. 1899 A petition in the words of the statute is
good pleading and is sufficient. Huff v. Land Co., 157
Mo. 65. The cause of action consists of the fact that

plaintiff claims an interest in the land and that defendant claims an interest therein adverse to plaintiff. These facts alone are sufficient to require the court to try, ascertain and determine the respective interests. The rule of a pleading requires that the facts constituting the rule shall be stated. Such a rule is satisfactory under this statute, where the defendant is claiming a title adverse to the plaintiff. Spore v. Land Co.; 186 Mo. 656; Ball v. Woolfolk, 175 Mo. 278; Misenheimer v. Amos, 221 Mo. 362; Wilson v. Darrow, 223 Mo. 520; Mayes v. Pumphrey, 226 Mo. 119; Elliott v. Sheppard, 179 Mo. 382. (3) Plaintiff's reply was responsive to the new matter in the answer, and testimony was properly admitted under the issues made thereby. Plaintiff does not claim, as asserted by appellant, that a cause of action can be stated in a reply. We again repeat that the petition in this case did not assert that the title, estate and interest claimed by the Parker-Washington Co. consisted of a taxbill. The proposition that the Parker-Washington Co. owned the taxbill and was seeking affirmative relief thereon was first brought into the case by the answer. In response to the allegation of defendant that it owned the taxbill, and that the same was valid and that it prayed affirmative relief upon the taxbill, was new matter and called for the reply that was filed. Not only this, but under the peculiar provisions of section 650, the allegations of the petition put it up to the court to try, ascertain and determine the interests of the various parties. This would have been true if there had been no reply filed. Authorities supra. It, therefore, being the duty of the court to try, ascertain and determine the interests of the various parties, it was incumbent upon the court to determine whether or not the alleged interests of the various parties were valid interests and upon this it was proper for the court to receive testimony as to the validity of the taxbill.

VALLIANT, J.—In the beginning this seemed to be a suit to quiet title to land under section 650, Revised Statutes 1899, but the answer and reply reduced it to a suit to test the validity of a special taxbill, held by one of the defendants, for paving the street in front of the land described in the petition. In his petition plaintiff stated that he was the owner in fee of the land described, and that defendants claimed some "title, estate and interest therein adverse to plaintiff's title."

The Parker-Washington Company is one of the defendants, the others are described as "unknown persons" who claim an interest in the land by virtue of a certain taxbill for $618.13 assigned to them by the Parker-Washington Company, and which they claim to be a lawful lien on plaintiff's land. The prayer is that the court ascertain and determine the title, estate and interest of plaintiff and defendants and each of them respectively and by its judgment and decree define whatever interest the several parties, plaintiff and defendants, have in the land.

The only answer filed was that of the Parker-Washington Company. The other defendants, the "unknown persons," seem to have dropped out of the case or were never in, at all events the decree refers to but one defendant, that one is the Parker-Washington Company. In its answer that defendant sets up no title to the land or interest therein except the taxbill, which it says it had owned, but had assigned before the suit was commenced, but had repurchased it since the suit was brought, and now holds it and that it is a valid lien on the land. That was the only interest the defendant claimed in the land. The answer concluded with a prayer that the taxbill be adjudged a legal lien on the land and that a special execution issue for its enforcement.

The plaintiff filed a reply, in which he stated certain facts to show that the taxbill was invalid because of fraud practiced by the defendant in obtaining the

contract from the city under which the paving was done. The cause was tried on the issue presented by the answer and reply as to the validity of the taxbill. The decree was that the land belonged to the plaintiff (which was not disputed) and that the taxbill was illegal and constituted no lien on the land. From that judgment the Parker-Washington Company took an appeal to this court.

The suit was begun in January, 1907, and the decree rendered in June of that year, therefore it was before section 650, Revised Statutes 1899, was amended as it now appears as section 2535, Revised Statutes 1909.

The pleadings appear to have been designed only to test the validity of the special taxbill, although nominally it purports to be a suit to quiet title to the land under section 650. The pleadings show that there was no dispute of the plaintiff's title, and although he says in his petition that the defendants claim some interest in it adverse to his own, yet he proceeds to show that that claim consists only in a taxbill, and that corresponds with the statements in defendant's answer; the real issue comes only when the reply is filed which challenges the validity of the taxbill. It is true the decree says that the plaintiff is the sole owner of the land in fee, but the defendant did not deny that in the circuit court and does not question it here. His assignment of error relates only to the question of the validity of his taxbill. The only thing in dispute is the validity of the taxbill for $618.13; there is no title to real estate involved and therefore this court has no jurisdiction of the case.

In determining the matter of jurisdiction the court will look to the real issue in the case, the real question to be decided, not to abandoned or fictitious issues.

If the plaintiff had filed his suit in equity to cancel the taxbill and remove it as a cloud from his title on the ground stated in his reply, and the defendant had

answered as it has in this case, the issues would have been precisely what they are in the case before us, and the taxbill being for only $618.13; the appeal would not have come to this court. This court has not jurisdiction of a suit to cancel a special taxbill for an amount within the appellate jurisdiction of a court of appeals, on the theory that it is a cloud on the plaintiff's title. [Barber Asphalt Co. v. Hezel, 138 Mo. 228; Smith v. Westport, 174 Mo. 394.] Since the plaintiff could not by a direct bill in equity to cancel the taxbill make a case to come to this court, he cannot accomplish the same purpose under the guise of a suit to quiet title when his title is not disquiet.

This cause is transferred to the Kansas City. Court of Appeals. All concur.