# E. W. TURNER v. TYLER LAND & TIMBER COMPANY, Appellant.

### Division One, June 2, 1914.

1. **APPELLATE JURISDICTION: Constitutional Question.**    The Supreme Court will not take appellate jurisdiction of an appeal from a monetary judgment for $7000, unless some constitutional question is vitally involved in the case which had not been decided by this court at the date of the appeal.

2. ————: ————: **Factory Act.**    Where the Supreme Court had twice decided that Sec. 6433, R. S. 1909, requiring the belting, shafting, gearing and drums in all manufacturing establishments, when so placed as to be dangerous to persons therein or thereabouts, to be safely guarded when possible, is constitutional, before an appeal from a judgment for $7000 in favor of a person so employed was taken, the Supreme Court will not assume jurisdiction on the alleged ground that said statute is unconstitutional, but will transfer the case to the proper court of appeals.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*John A. Hope* and *Ernest A. Green* for appellant.

The statute upon which plaintiff's alleged cause of action was founded, is unconstitutional in that the title to the legislative act creating said statute does not disclose its true contents. Furthermore, said act is violative of both the Federal and State Constitutions in denying to defendant the equal protection of the laws, and is special and class legislation. Laws 1891, p. 159; Sec. 1, art. 14, Amendments to U. S. Constitution; Secs. 28, 53 and 54, art. 4, Constitution of Missouri; Simpson v. Iron Works, 249 Mo. 376; Williams v. Railroad, 233 Mo. 680; Durkin v. Coal Co., 171 Pa. St. 193, 50 Am. St. 801, 29 L. R. A. 808.

*Ward & Collins* for respondent.

This court, on all occasions when this question was raised, has declared that the statute was constitutional. Lore v. Am. Mfg. Co., 160 Mo. 608; Lohmeyer v. Cordage Co., 137 Mo. App. 624; Austin v. Shoe Co., 158 S. W. 709; Simpson v. Iron Works, 249 Mo. 376.

## STATEMENT.

This is an action for personal injuries alleged to have been sustained by a violation by defendant of the requirements of section 6433, Revised Statutes 1899, to-wit:

"Sec. 6433.—The belting, shafting, gearing and drums, in all manufacturing, mechanical and other establishments in this State, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible; if not possible, then notice of its danger shall be conspicuously posted in such establishments."

The above section, with addition of two words, was carried into, and is now section 7828, of the Revised Statutes of 1909.

The evidence tends to show that the plaintiff was employed to run a bolting saw in defendant's stave mill and factory, and as a part of his duties was required to clear away and remove within reach of the blowpipe so as to be carried off, the dust and trash which fell below the saw in the course of its workings; that the plaintiff was injured on the — day of March, 1907, while working under said saw and removing the accumulations of dust and trash, by being struck on the head by the revolution of a clutch coupling which was attached to a horizontal shaft and connected with the saw. The clutch coupling and the shaft were not boxed up or guarded. There was evidence tending to show that this might have been done without affecting their operations.

Plaintiff's skull was fractured and two holes made therein, and there was evidence to show he suffered great pain and permanent injuries.

Defendant pleaded contributory negligence, assumption of risk, that the statute invoked did not apply and that it was unconstitutional.

There were two trials. On the first, in Pemiscot county, plaintiff had judgment for $8000. After the grant of a new trial, there was a change of venue to Dunklin County, where plaintiff had judgment for $7000 on June 21, 1911, from which judgment defendant appealed to this court on the theory that a constitutional question was involved.

## OPINION.

BOND, J. (After stating the facts as above.)—We cannot take jurisdiction of this appeal unless some constitutional question was validly raised on the trial and undecided by us at the date of the appeal, since

259 Mo.—2

the amount in dispute is within the appellate juris-
diction of the St. Louis Court of Appeals, in whose
territorial jurisdiction the judgment was rendered.
[Dickey v. Holmes, 208 Mo. 664.]

The section of the statute in vogue when the cause
of action arose was first enacted in 1891. [Laws 1891,
p. 159.] It has been upon the statute books with the
slight addition contained in the present revision (R. S.
1909, sec. 7828) for a little less than a quarter of a
century. Its beneficent character and general con-
stitutionality were commended and affirmed by GANTT,
J., speaking for Division Two in 1901. "The con-
stitutionality of such laws is no longer in doubt. Laws
like this, created for the safety of those whose necessity
compels them to submit to hazards which they would
otherwise be unwilling to assume, have been sustained
in all the States of the Union, such as provisions for
fire escapes, inspection of boilers, ventilation of mines,
and for covering and otherwise protecting machinery.
[Durant v. Lexington Coal Co., 97 Mo. 62; People ex
rel. v. Warden City Prison, 144 N. Y. 529; People v.
Smith, 108 Mich. 531.]" [Lore v. Am. Mfg. Co., 160
Mo. l. c. 622.]

Again, in Lohmeyer v. Cordage Co., 214 Mo. 685,
decided in 1908, constitutional objections similar to
these in the present case were urged in the fourteenth
ground of a motion for a new trial. [Special Legisla-
tion, 14th Amendment, U. S. Const., and want of due
process.] And this Division, while holding that such
objections were not properly preserved, yet adopted
and reaffirmed the language above quoted as an answer
to the contentions.

Each of these two cases, in the respective divisions
of this court, had put at rest any question as to the
validity of the particular section of the factory act
upon which this suit was based, before the taking of
the present appeal. It is evident that the case of
Williams v. Railroad, 233 Mo. l. c. 682, cited by

appellant, does not aid its contention that the section involved in this case is unconstitutional. That case did not refer to the section under review here at all. The suit there was not based on the section now invoked for the constitutionality of this section had been previously determined as shown above. [See dissenting opinion in Simpson v. Iron Works, 249 Mo. l. c. 397.] The Williams case referred only to a provision of the factory act which related to railway structures. Necessarily its ruling in that respect had no bearing on the constitutionality of the distinct and independent section requiring the guarding of machinery in manufactures and mechanical establishments, which was the *basic* idea of the factory act and has been uniformly upheld and enforced in this court (Huss v. Bakery Co., 210 Mo. 44; Simpson v. Iron Works, 249 Mo. l. c. 391) and in the court of appeals (Colliott v. Am. Mfg. Co., 71 Mo. App. 163; Lohmeyer v. Cordage Co., 137 Mo. App. 624).

Our conclusion is that the constitutionality of the section under which the present action is framed was not an open question when defendant took its appeal from the judgment of the trial court, and the cause is therefore transferred to the St. Louis Court of Appeals. All concur.