# CITY OF ST. LOUIS v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Division Two, May 19, 1919.

1. **APPEAL: Assignments of Error.** In the absence of formal assignments of error, appellant's "points and authorities" will be construed as such assignments, and the review of the case will be limited as by them indicated.

2. **CONDEMNATION: Notice of Boundaries of Benefit District: Ordinance.** Where a city charter requires the passage of an ordinance, as preliminary to the condemnation of private property for a public use, the very nature of the proceeding renders it necessary to the effective operation of the ordinance that the property sought to be affected be described therein, and as a consequence of such description the boundaries of the taxing district are necessarily defined; and although the charter does not specifically require that the ordinance shall define the limits of the district, the ordinance itself, containing a description of the property affected, is such a notice of the boundaries of the taxing district as will enable the owner to be heard on the question whether

his property should be included therein, and constitutes due process of law.

3. ——: ———: **Filing of Petition With Recorder:** Lis Pendens. The filing with the Recorder of Deeds of a notice of the filing of a petition in the circuit court for the condemnation of land, in obedience to the charter, is of itself sufficient to apprise the owner of the land to be appropriated of every fact set forth in the notice, since the charter requirement was intended to be an application of the doctrine of *lis pendens*.

4. ——: ———: **Due Process of Law: Meaning.** All that is meant, in the abstract, by "due process of law," is that every citizen shall hold his life, liberty, property and immunities under the protection of the general law which governs society, and, in the concrete, that in a contest in regard to these rights, he will be accorded the opportunity to contest the propriety of each step in the action taken against him. If he is granted such an opportunity he is accorded such a hearing as the law contemplates.

5. ——: **Unjust Benefits: Assessment of Commissioners.** In the absence of any intimation to the contrary, the assessment of benefits by the commissioners must be held to have been impartial and founded upon facts sufficient to sustain their conclusion, and if subsequently reviewed and affirmed by the trial court will not on appeal be held to be unjust.

Appeal from St. Louis City Circuit Court.—*Hon. Leo. S. Rassieur*, Judge.

AFFIRMED.

*Jas. F. Green* and *H. H. Larimore* for appellant.

(1) Section 1, 2, 3, 4, 5, 6, 7 and 8, inclusive, of Article 21, Charter of the City of St. Louis, under which sections these proceedings were had, are unconstitutional and a violation of Section 1, Article 14, of the Amendments to the Constitution of the United States, and proceedings under such sections take the property of the Missouri Pacific Railway Company without due process of law in this, that the fixing of the benefit or taxing district is delegated to the arbitrary finding and judgment of the commissioners without an opportunity on the part of any property owner to be heard as to whether his property should or should

not be included in such district, and without any pro-
vision for a review of the action by the commissioners
in fixing such benefit or taxing district. Houck v. Little
River District, 239 U. S. 262; Walston v. Nevin, 128
U. S. 578; Stuart v. Palmer, 74 N. Y. 183; St. Louis
Land Co. v. Kansas City, 241 U. S. 430; Spencer v.
Merchant, 125 U.`S. 345; Fallbrook Irrigation Dist.
v. Bradley, 164 U. S. 112. (2) If the commissioners,
in assessing the benefits, acted within their jurisdiction,
their finding in the premises was so arbitrary and con-
stituted such a discrimination against the Missouri Pacific
Railway Company as to take its property without due
process of law, in violation of Section 1, Article 14, of
the Amendments to the Constitution of the United
States, and this is a matter that can be reviewed by this
court. San Francisco Gas & Elec. Co. v. City, 189 Fed.
943; Barney v. City of New York, 193 U. S. 430.

*Chas. H. Daues, H. A. Hamilton* and *G. Wm. Senn*
for respondent.

(1) The notice as published by the commissioners
designating the benefit district and the time and place
of meeting is "due process of law" and is notice to
the appellant upon the proceeds and determinations of
the commissioners. Buddecke v. Ziegenheim, 122 Mo.
243; St. Louis v. Realty Company,' 259 Mo. 140. (2) The
proceedings before these commissioners involved, and
the parties invited or notified to appear are entitled to
be heard upon matters, among others, relative to the
benefit district as advertised by the commissioners. St.
Louis v. Brown, 155 Mo. 559. (3) The findings and as-
sessments of these commissioners are presumptively
correct and the burden is upon the exceptor to overcome
the same by a preponderance of proof. St. Louis v.
Brown, 155 Mo. 567; St. Louis v. Calhoun, 222 Mo.
55. (4) The trial court should hesitate to disturb the
findings and conclusions contained in the report of
commissioners, excepting upon definite and persuasive

proof shown by the exceptor; while the attitude of the appellate court, as in law cases, is to defer very largely in matters of conflict in facts to the trial court and its better opportunity to scrutinize the testimony and study the witnesses in delivering their testimony. St. Louis v. Wetzel, 110 Mo. 265; St. Louis v. Brown, 155 Mo. 545; St. Louis v. Calhoun, 222 Mo. 44; St. Louis v. Lawton, 189 Mo. 485.

WALKER, J.—The nature of the action here sought to be reviewed was the condemnation of certain private property for public use, in the City of St. Louis, including a lot or parcel of land owned by defendant. From a judgment of condemnation and the assessment of benefits against the defendant, the latter appeals.

The Board of Aldermen of the City of St. Louis, in conformity with Section 1, of Article 21, of the Charter of that city, provided by ordinance for the appropriation for public use of the property in question. In furtherance of this ordinance, and as required by the section of the charter cited, a petition was filed by the City Counselor in the circuit court of said city, containing the essential allegations of a pleading of this character.

No question is involved as to the formal sufficiency of the petition, or that the requirements of the charter were not complied with. While many matters were urged by the defendant in its exceptions to the report of the commissioners authorized to be appointed in a proceeding of this nature, and its motion for a new trial, defendant's contentions in its brief and in the oral argument are limited to a narrow compass. First, as to the invalidity of Sections 1 to 8, inclusive, of Article 21, of the Charter of the City of St. Louis, as in violation of Section 1, Article 14, of the Amendments to the Constitution of the United States, concerning due process of law; and second, that the commissioners, in assessing the benefits, unjustly discriminated against the defend-

ant, and thus further violated the section of the Constitution cited.

I. There is no formal assignment of errors. Construing defendant's "Points and Authorities" as such, as we are authorized to do, our review is limited as therein indicated. [Crecelius v. Railroad, 274 Mo. 671; Glasse v. King, 195 S. W. 521; Vahldick v. Vahldick, 264 Mo. l. c. 532; Brown v. Chaney, 256 Mo. l. c. 225; Ranck v. Wickwire, 255 Mo. l. c. 56; Buttron v. Bridell, 228 Mo. l. c. 635; Redmond v. Railroad, 225 Mo. l. c. 741; Collier v. Lead Co., 208 Mo. l. c. 258.]

*Assignments.*

II. Defendant contends that the law, organic and statutory, of the City of St. Louis prescribes no notice of the fixing of the boundaries of the taxing district which would enable defendant to be heard as to whether its property should be included therein. The City Charter (Sec. 1, Art. 21, provides as preliminary to the condemnation of private property for public use, that an ordinance shall be passed. While it does not specifically prescribe as an essential to the regularity of the proceeding, that such an ordinance shall define the limits of the taxing district, the very nature of the proceeding renders it necessary to the effective operation of such an ordinance that the property sought to be affected be described therein. As a consequence of a description of the property, the boundaries of the district are necessarily defined. An ordinance lacking this requisite would be a mere nullity, and furnish no basis for further action; containing as it does, a description of the property and of the boundaries of the district, it renders the owners of same as fully cognizant of the proceedings as if a requirement as to notice had been in set terms incorporated in the municipal law. Of the tenor of all ordinances, the citizens of the municipality must take cognizance. [Moore Mfg. Co.

*Notice.*

v. Railroad, 256 Mo. l. c.   179.] In the absence, therefore, of a specified form of notice, that given the defendant met all the requirements of the law. This conclusion is given added force by the course subsequently required by the charter to be pursued by the city. Upon the passage of the ordinance fixing the taxing district, the city counselor was required, and did, file a petition in the circuit court in the name of the city and against defendant and the other owners of the property to be affected, setting forth the nature and public use for which it was to be appropriated, a description of the same which, as stated, necessarily defined the boundaries of the taxing district, and the interest or estate of the respective owners, and asking the appointment of commissioners to assess benefits and damages. Upon the filing of this petition, a summons was issued and served upon the defendant and others therein named, and in addition, a notice of this filing in the circuit court was recorded in the office of the Recorder of Deeds, in conformity with a requirement of the charter. Thus in addition to the notice afforded by the passage of the ordinance and personal service of summons upon the institution of the suit by the city counselor, the defendant had the added constructive notice afforded by the filing and recording in the Recorder's office of the notice of the petition, which contained, as was required, a description of the property to be affected. The charter requirement as to the recording of the notice was evidently intended as an application of the doctrine of *lis pendens.* If so, while it is not necessary to thus decide in this case, it would of itself be sufficient to apprise the defendant of every fact set forth in the notice. [25 Cyc. 1476, Subd. IX. and cases.] A declaratory statement in the municipal law, therefore, prescribing notice, as contended for by defendant, would have given no additional validity to the proceeding. Had a notice been prescribed, and a failure to comply with same been shown, then some question might arise as to the legal effectiveness of the action. [City of St. Louis v. Bell

Place, 259 Mo. 126.] But, under the facts at bar, where, from the very necessities of the case the defendant must have been, and was in fact, notified, not only by operation of law, but actually and constructively, and every opportunity afforded to enable it to contest the regularity of the matter in controversy, there cannot in reason be said to have been a taking of its property without due process of law. All that is meant, in the abstract, by due process of law, despite the numerous definitions of same, is that every citizen shall hold his life, liberty, property and immunities under the protection of the general law which governs society; and in the concrete, that in a contest in regard to these rights, he will be accorded the opportunity to contest the propriety of each step in the action sought to be taken against him. The doctrine thus clearly enunciated, found its most unequivocal utterance in the Dartmouth College Case, 4 Wheat. 518, which has been frequently affirmed.

The burden of the decisions cited by defendant in support of its contention, is to the effect that the complainants, in those cases, were not accorded such a hearing as the law contemplates and, as a consequence, that they were thereby denied a constitutional right.

To illustrate: In St. Louis Land Co. v. Kansas City, 241 U. S. 430, it is held that the owner of the property involved was entitled to be heard as to the amount of his assessment and upon all questions entering into that determination.

In Houck v. Little River District, 239 U. S. 262, it was held that where the fixing of the district is delegated to commissioners, or to a board of supervisors, a citizen is entitled to notice and hearing upon the proposition as to whether or not his property should be included in the district.

In Fallbrook Dist. v. Bradley, 164 U. S. 112, it was held that the Legislature not having described the district, it would be necessary to give a hearing to those interested upon the question as to whether or not the

land of any owner intended to be included would be benefited by the project. Furthermore, that unless the Legislature had decided the question of benefits itself, the landowner had the right to be heard on that question, before his property could be taken.

In Spencer v. Merchant, 125 U. S. 345, it was held that when the determination of the lands to be benefited was entrusted to commissioners, the owners were entitled to notice and a hearing as to whether their lands were benefited and how much.

In Stuart v. Palmer, 74 N. Y. 188, it is held that the constitutionality of a law is to be decided not by what has been done under it, but what may by its authority be done.

These cases, therefore, are inapplicable here, because the facts disclose that the defendant was accorded every right to which the complainants in the cases cited were held to be entitled. [Branson v. Gee, 25 Ore. 462, 24 L. R. A. 355; Lewis, Em. Dom. sec. 366; 10 R. C. L. p. 186.]  It had notice, an opportunity to be heard, and the proceedings throughout, which we have not set out in detail subsequent to the filing of the petition in the circuit court, show a strict conformity with the requirements of the law. The defendant, therefore, has in this regard no just ground of complaint.

III.   Relative to the assignment as to the injustice in the assessment of benefits, it will suffice to say that this matter was heard and considered adversely to the defendant's contention before the commissioners, and their action was subsequently reviewed and affirmed by the circuit court. The action of the commissioners, in the absence of any intimation to the contrary, must be held to have been impartial, and founded upon facts sufficient to sustain their conclusion. They had before them the character and importance of the highways to be affected by their proceedings; and the value, use and development of the properties ad-

*Benefits.*

jacent thereto. Armed with these facts, they were enabled to weigh and determine the relative damages or benefits to the owners of the property within the district; the existence or amount of either damages or benefits is in any case a matter of knowledge, experience and judgment, for which qualities commissioners are usually selected; and which we are justified in concluding they possessed. Aided by this preliminary conclusion, after having carefully read the testimony, we agree with the finding of the trial court, that no facts have been presented tending to show unfairness or incorrectness in the action of the commissioners, which would authorize our interference. This action, in' the absence of a preponderance of proof to the contrary, should be taken as a fair and correct solution of the question. We thus accept it. [St. Louis, v. Calhoun, 222 Mo. 1. c. 55; St. Louis v. Lawton, 189 Mo. 1. c. 485; St. Louis v. Brown, 155 Mo. 1. c. 567; St. Louis v. Wetzel, 110 Mo. 1. c. 265.]

From all of which it follows, that the judgment of the trial court should be affirmed. It is so ordered. All concur.