ERNST STUMPE v. CITY OF WASHINGTON and ADAM F. RAU, Appellants.—43 S. W. (2d) 414.

Court en Banc, November 17, 1931.

*Herbert A. Krog* and *Jesse A. Schaper* for appellants.

*W. L. Cole* and *T. P. Huckreide* for respondent.

RAGLAND, J.—In form this is an action to determine title to real estate: in reality it is a proceeding to test the validity of a special tax bill issued for a public improvement.

The petition alleges that the plaintiff is the owner in fee of a tract of land (particularly described) situated in the city of Washington, Missouri, and that the defendants claim some right, title or interest in said premises, adversely to the title of the plaintiff. It prays the court to ascertain and determine the right, title and interest of the parties respectively, etc.

The counter-pleading on the part of defendants is in part as follows:

"Defendants admit that they have some interest in the real estate described in the plaintiff's amended petition, the nature of which is hereinafter set out, and deny each and every other allegation set out in plaintiff's amended petition.

"Defendants further allege that their interest in said real estate described in plaintiff's amended petition is as follows:"

What follows is in the nature of a cross-bill in which is set forth in detail proceedings which resulted in the paving and curbing of a portion of Third Street in the city of Washington, and the issuance of a tax bill against the land described in the answer (the same, or in part the same, as that described in the petition) for the payment of its proportionate share of the cost of the public improvement. The pleading then continues as follows:

"Defendants further allege that they have no other interest in said real estate described in plaintiff's amended petition.

"Wherefore the defendants, the city of Washington and Adam F. Rau, pray the court that the defendant, Adam F. Rau, have judgment on said tax bill for the sum of $1018.50, together with interest thereon at the rate of 8 per cent per annum, from and after December 4, 1925, until the date of judgment, and that the same be declared a lien against the real estate described in said tax bill and this answer, and that the same be enforced to satisfy said amount, and for such other relief, orders, judgments and decrees as to the court may seem just and proper, including judgment against said real estate for defendants' costs."

The reply was a general denial of new matter contained in the "answer and counterclaim."

Respondent in his brief characterizes the trial in the circuit court. as follows:

"The battle *nisi* was waged about the regularity and legality of the tax bill sued on in the answer, especially the descriptions of the property involved and embraced in the various acts of the city culminating in the issue of the tax bill."

With respect to the contested issue appellants have this to say:

"The principal objection, and perhaps the only one, urged by the plaintiff at the trial against the validity of the amended special tax bill sued on in this case, is to the effect that both the ordinance of the defendant city purporting to authorize the issuance of the amended special tax bill sued on, and the tax bill itself, was void on the ground that the council adopted said amendatory ordinance without a written report first made by the city engineer, . . . apportioning the same among the tracts of land chargeable therewith, (and) charging each with its proportionate part of the cost."

At the conclusion of the hearing the court rendered the following judgment:

"It is thereupon considered, decreed and adjudged by the court that plaintiff is the owner in fee of said real estate; that defendants and none of them own any right, title, lien, benefit, claim or interest of any kind or character in, of and to said real estate, or any part thereof. And it is further considered, decreed and adjudged by the court that defendants take nothing by the counterclaim filed in said cause, and that said counterclaim be and it is hereby dismissed and that as to said counterclaim plaintiff be discharged and go hence without day."

From such judgment an appeal was allowed defendants to the St. Louis Court of Appeals. That court transferred the cause here on the ground that the title to real estate is involved.

Notwithstanding the form of the pleadings and judgment, it is apparent that this action does not involve a title controversy. Plaintiff's fee simple title to the real estate described in the petition is not challenged in any respect. On the contrary, the defendants expressly disavow any claim of title; they assert merely that a certain special tax bill owned by one of them constitutes a lien on the premises. By his petition plaintiff invited defendants to assert any claim of title they had adverse to his; in response they entered a disclaimer, so far as title was concerned, and then put forward a special tax bill which they asked be declared a lien against plaintiff's land, and as such enforced; in reply plaintiff denied that the alleged tax bill constituted a lien. As a result of the issues thus framed the proceeding became one to establish and enforce the lien of a special tax bill, and nothing more. This, notwithstanding the petition purports to be drawn under Section 1970, Revised Statutes 1919, and asks the court to ascertain and determine the right, title and interest of the parties severally in and to real estate. [Vanderventer v. Bank, 232 Mo. 618, 135 S. W. 23.]

Suits to establish or enforce the lien of a special tax bill or a mechanic's or vendor's lien or any other kind of lien are not "cases involving title to real estate," in the sense in which those terms are used in the provision of the Constitution defining the appellate jurisdiction of this court. [3 C. J. 393, 394, secs. 181, 182; State ex rel. Haeussler v. Court of Appeals, 67 Mo. 199; Barber Asphalt Paving Co. v. Hezel, 138 Mo. 230, 39 S. W. 781; Balz v. Nelson, 171 Mo. 688, 72 S. W. 527; Stark v. Martin, 204 Mo. 439, 102 S. W. 1089; Dubowsky v. Binggeli, 258 Mo. 200, 167 S. W. 999; Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 2 S. W. (2d) 771.]

The record does not disclose any other ground giving us jurisdiction of this appeal. The cause is accordingly retransferred to the St. Louis Court of Appeals. All concur.