CITY OF MARSHFIELD at the Relation and to the Use of J. H. HASTEN v. HELEN BROWN, SAMUEL C. BROWN ET AL., Appellants.—88 S. W. (2d) 339.

Division One, November 12, 1935.

*G. G. Lydy* for appellants.

*Fred A. Moon* for respondent.

FRANK, J.—Action to establish and enforce the lien of three separate tax bills issued by the town of Marshfield against property of defendants to pay for certain street paving. The finding and judgment below was for plaintiff and defendants filed affidavit for appeal, asking that the appeal be granted to this court. The appeal was granted to the Springfield Court of Appeals, and that court transferred the case here on the ground that it involves a constitutional question.

The amount involved does not give this court jurisdiction. The cause of action stated in the petition is one to enforce the lien of certain tax bills totaling $722.26. Marshfield is a city of the fourth class. Section 7056, Revised Statutes 1929, provides that before a city of the fourth class shall make a contract for paving, an estimate of the cost thereof shall be made by the city engineer or other proper officer and submitted to the board of aldermen; and no contract shall be entered into for such work for a price exceeding such estimate.

Appellants claim that the contractor, before the contract was awarded to him, agreed to sell the tax bills to one J. H. Hasten at a certain discount, and that thereafter ten cents per square yard was included in the estimate of cost of the work to cover such discount. The total estimated cost of the work was one dollar per square yard. The contractor's bid was one dollar per square yard, and the contract was awarded to him at that price. Appellant contends that the item of discount should not have been included in the estimate of cost of the work, and that to enforce such tax bills containing the discount item of ten cents per square yard would deprive them of their property without compensation in violation of Sections 21 and 30 of Article 2 of the Constitution of the State of Missouri.

Appellants attempted to raise a constitutional question by the following paragraph of their answer:

"An item of 10% discount is fraudulently included in the pretended estimate aforesaid, and in said tax bill, while said Hasten

and the contractor aforesaid, had an agreement and understanding prior to the commencement of said proceeding relating to said improvement, that only 3% discount was to be made from the face of said tax bill, and the difference of 7% is now fraudulently charged in said tax bill, and in addition to the 8% per annum interest allowed by Section 7054, R. S. Mo., 1929, and to enforce said tax bill with this 10% discount item, will deprive defendants of their property without compensation in violation of Sections 21 and 30 of Article 2, of the Constitution of the State of Missouri.''

■ Section 21 of Article 2 of the Constitution of Missouri attempted to be invoked by appellants, provides that private property shall not be taken or damaged for public use without just compensation. It is settled law that this provision of the Constitution refers to and regulates the right of eminent domain and applies to cases where private property is actually taken or damaged for public use, but has no application whatever to special assessments for local improvements, such as street paving. Such special assessments are referable to and sustained under the taxing power. Taxing a citizen with his proportionate share of the cost of a pavement which abuts on his property, even though the assessment be irregular or excessive, is not an actual taking of or damage to the property such as is contemplated by Section 21 of Article 2 of the Constitution. [City of St. Louis v. Nicolai, 321 Mo. 830, 13 S. W. (2d) 36, and cases cited; City of St. Louis v. Senter Commission Company, 336 Mo. 1209, 84 S. W. (2d) 133, 138.] ■ If there be irregularities in the proceedings looking to a special assessment for local improvement, or in the assessment itself, such irregularities might be a defense to a suit on the tax bill, but for reasons heretofore stated, the collection of such a tax bill would not be a taking of defendants' property without compensation in violation of the constitutional provision invoked. We have so held in former decisions prior to the appeal in this case. In the face of our former decisions so holding, appellants claim that the enforcement of the tax bills in suit would deprive them of their property without just compensation in violation of Section 21 of Article 2 of the Constitution. We will not assume jurisdiction of this case on the ground that a constitutional question is involved, when the identical constitutional question sought to be invoked has been finally settled by prior decisions of this court. To hold otherwise would permit litigants to select their appellate forum by raising constitutional questions, although such questions had been finally settled by our former decisions. In Shoe Company v. Assurance Company, 277 Mo. 399, 424, 210 S. W. 37, we said:

''We are urged in an able argument to re-examine the question of the constitutionality of said Section 7068, Revised Statutes 1909. We passed upon this question in the case of Keller v. Home Ins. Co., 198 Mo. 440, and held this statute constitutional. This holding we

approved in State v. Railroad, 242 Mo. 1. c. 360. Both of the above cases were decided before the instant case was appealed. As a rule of convenience, at least (regardless of the technically correct logic and strict accuracy thereof), and to prevent a sort of constructive fraud upon the courts, in that an appellant may not be allowed arbitrarily and for his own ends nicely to pick and choose his appellate forum, we have ruled uniformly since the case of Dickey v. Holmes, 208 Mo. 664, that when we have once determined the precise constitutional question raised in a case wherein the Courts of Appeals would otherwise, absent such constitutional question, have jurisdiction, we will not thereafter assume jurisdiction of the case on account of the constitutional question mooted.'' [See, also, Turner v. Land & Timber Company, 259 Mo. 15, 167 S. W. 975; State v. Finley, 259 Mo. 414, 168 S. W. 921; State v. Swift & Company, 270 Mo. 694, 195 S. W. 996; Dickey v. Holmes, 208 Mo. 664, 106 S. W. 511.]

■ The answer also alleges that to enforce the tax bills would deprive appellants of their property without compensation in violation of Section 30 of Article 2 of the Constitution. The section invoked is the due process clause. It provides that no person shall be deprived of life, liberty or property without due process of law. Due process of 'law has been defined to mean ''that every citizen shall hold his life, liberty, property and immunities under the protection of the general law which governs society; and, in the concrete, that in a contest in regard to those rights he will be accorded the opportunity to contest the propriety of each step in the action sought to be taken against him.'' [City of St. Louis v. Missouri Pacific Railway Company, 278 Mo. 205, 211 S. W. 671.] An allegation in the answer that to enforce the tax bills would deprive appellants of their property in violation of the due process clause of the Constitution, without a statement of facts showing or tending to show wherein such due process was denied, is the mere averment of a legal conclusion, and does not raise a constitutional question. [Chapman v. Adams (Mo.), 230 S. W. 80; McGill v. City of St. Joseph (Mo.), 31 S. W. (2d) 1038.]

For the reasons stated, there is no live constitutional question in this case.

■ While it has not been suggested that title to real estate is involved in this action, we deem it advisable to determine that question because of the affirmative relief asked in defendants' answer. The cause of action stated in plaintiff's petition is one to enforce the lien of a special tax bill. It is settled that such an action does not involve the title to real estate. [Barber Asphalt Paving Company v. Hezel, 138 Mo. 228, 39 S. W. 781; Smith v. City of Westport, 174 Mo. 394, 74 S. W. 610; Platt v. Parker-Washington Company, 235 Mo. 467, 139 S. W. 124; Nettleton Bank v. Estate of McGauhey, 318

Mo. 948, 953, 2 S. W. (2d) 771; Stumpe v. City of Washington, 328 Mo. 1081, 1083, 43 S. W. (2d) 414.]

The defendants' answer, after stating various and sundry reasons why the tax bills are void, alleges that although void, they cast a cloud on defendants' title, and prays the court to remove the cloud by canceling the bills. Does the affirmative cause of action alleged in defendants' answer involve title to real estate? We say not. While so holding, we recognize the rule that an action to remove a cloud on title to real estate by canceling a deed of trust thereon, on the ground that such deed of trust was void *ab initio,* involves title to real estate. But there is a distinction between the two classes of cases. A deed of trust is a conveyance—a muniment of title. The cancellation of a deed of trust takes the legal title conveyed thereby out of one party and vests it in another, therefore an action to cancel such an instrument involves title to real estate. A special tax bill is not a conveyance or muniment of title. It is a mere lien. The cancellation of a special tax bill does not take title to real estate from one party and give it to another. Such action merely destroys the lien of the tax bill. For these reasons, an action to cancel a special tax bill does not involve title to real estate. [Barber Asphalt Paving Company v. Hezel, 138 Mo. 228, 39 S. W. 781; Platt v. Parker Washington Company, 235 Mo. 467, 139 S. W. 124.]

There is no constitutional question in this case, title to real estate is not involved, and the record does not disclose any other ground giving us jurisdiction of this appeal. The cause is therefore remanded to the Springfield Court of Appeals. All concur.