**HOME SAVINGS OF AMERICA, F.A., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD44209.**

Missouri Court of Appeals, Western District.

Aug. 6, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1991.

Application to Transfer Denied Nov. 19, 1991.

Warren E. Slagle, Slagle, Bernard & Gorman, Kansas City, for appellant.

William L. Webster, Atty. Gen., Wood Miller, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

TURNAGE, Presiding Judge.

Home Savings of America brought suit against the State of Missouri to recover taxes paid pursuant to § 148.480, RSMo 1978, after that section was declared unconstitutional. The suit was brought on a theory of inverse condemnation and sought judgment for $1,211,454.00 together with interest. The case was tried on a stipulation of facts and the court entered judgment in favor of the State. Home Savings

contends the judgment is erroneous because there was a taking of its money under Art. I, § 26 of the Missouri Constitution. Affirmed.

Home Savings is the successor by merger of Hamiltonian Federal Savings and Loan Association and of Security Federal Savings and Loan Association. From 1975 to 1981 Hamiltonian paid an intangible tax to the State under § 148.480 and Security paid such tax from 1975 to 1979. It was alleged the total paid by those institutions was $1,211,454.00.

A number of savings and loan associations challenged the constitutionality of § 148.480 and in *Jefferson Sav. and Loan Assoc. v. Goldberg*, 626 S.W.2d 640 (Mo. banc 1982), the intangible tax imposed by that section was declared to be unconstitutional. Following that holding a number of savings and loan associations attempted to obtain a refund of the taxes which had been paid pursuant to the unconstitutional statute. In *Community Fed. Sav. & Loan v. Director of Revenue*, 752 S.W.2d 794, 798[6–8] (Mo. banc 1988), the court held that institutions which had paid taxes under that statute could obtain a refund pursuant to § 136.035, RSMo 1986. The court held that the language of § 136.035.1, which required the director of revenue to "refund any overpayment or erroneous payment of any tax which the state is authorized to collect" authorized a refund of the tax collected under § 148.480 after that statute had been declared unconstitutional. The court stated that all institutions "that have followed the proper procedures for applying for a refund, are entitled to a refund of that overpayment, erroneous or illegal payment." *Id.*

There is nothing in the record to indicate that Home Savings pursued the remedy given by § 136.035. Section 136.035.3, requires that a claim for a refund must be filed within two years from the date of payment.

The petition alleged that a taking of its property occurred under the power of eminent domain without the payment of just compensation as required by Art. I, § 26 when the State refused to refund the amount paid.

In *Page v. Metropolitan St. Louis Sewer District*, 377 S.W.2d 348, 354[11–13] (Mo. 1964), the court held that if an injury is alleged which constitutes damage within the meaning of Art. I, § 26, that the party injured may proceed under a procedure referred to as condemnation in reverse or inverse condemnation. The court stated, however, that the predicate of such an action is an injury within the constitutional prohibition against the taking or damaging of private property for public use.

In *City of Marshfield v. Brown*, 337 Mo. 1136, 88 S.W.2d 339, 340[1–3] (1935), the court drew a distinction between the taking or injury of private property prohibited by the constitution and the taxing of citizens which is referable to the taxing power of the state. The court held that the taxing of a citizen is not a taking or damage of private property within the meaning of the constitutional prohibition.

Home Savings brought this suit on the theory that the State had taken its property without the payment of just compensation and for that reason it is entitled to judgment under Art. I, § 26. However, Home Savings's petition alleged that the money which it seeks to recover was paid as taxes. Although § 148.480, which levied the intangible tax was declared unconstitutional, the money paid pursuant to that section was required to be paid to the State under the taxing power of the State. Under *City of Marshfield*, the payment of taxes is not a taking of property within the meaning of Art. I, § 26. Under *Page*, an action in inverse condemnation may only be maintained for an injury within the constitutional provision.

Home Savings contends that because § 148.480 was declared unconstitutional that such section was void ab initio and the State never legally collected taxes under that section. The argument concludes that because the State never legally collected taxes under that section, the State appropriated the money paid under the power of eminent domain. The answer to this argument is that the State never purported to

act under the power of eminent domain when it collected the taxes under § 148.480 and Home Savings does not allege that the amount paid was paid for any reason except as the payment of taxes. The finding that § 148.480 was unconstitutional did not convert the payment of taxes under that section to a taking under the power of eminent domain. The validity of Home Savings argument that § 148.480 was void ab initio may be conceded, but the conclusion that because of such fact the taxes paid pursuant to that section were taken by the State under the power of eminent domain does not follow.

■ A further reason that the retaining of taxes did not constitute a taking under the power of eminent domain is the fact that money cannot be taken by the government by the power of eminent domain, at least not in peacetime. *The People ex rel. Griffin v. The Mayor & c. of Brooklyn,* 4 N.Y. 419, 424 (1851), *Burnett v. Mayor and Council of the City of Sacramento,* 12 Cal. 76, 83 (1859).

The payment of taxes, even if the taxing statute is later declared unconstitutional, does not amount to a taking of private property within the prohibition of Art. I, § 26, and, therefore, an action in inverse condemnation may not be maintained to recover the taxes paid.

Home Savings contends that *McKesson v. Div. of Alcoholic Beverages & Tobacco,* 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), requires a state to establish a procedure for a refund of taxes illegally collected to vindicate the due process rights of the taxpayer. *McKesson* held that the due process clause of the United States Constitution "requires the State to afford taxpayers a meaningful opportunity to secure postpayment relief for taxes already paid pursuant to a tax scheme ultimately found unconstitutional." *Id.* at 2242. As held in *Community Federal,* § 136.035 provides the remedy for institutions which paid the tax to recover a refund. For whatever reason, Home Savings did not avail itself of that remedy. It is unfortunate that Home Savings did not pursue the statutory remedy available, but that failure cannot

breathe life into a suit brought without a legal foundation. This rather ingenious attempt by Home Savings to recover the taxes paid must fail because it is not founded upon a taking within the meaning of Art. 1, § 26.

The judgment is affirmed.

All concur.