**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., Defendant.**

Civ. No. 83–334–B.

United States District Court, S.D. Iowa, Central Division.

Feb. 14, 1984.

Frank W. Davis, Jr., R. Jeffrey Lewis, Gamble, Riepe, Burt, Webster & Davis, Des Moines, Iowa, and Thomas A. Brooks, Gen. Counsel, Daniel W. Persinger, Deputy Gen. Counsel, Mark F. Pretzat, Attorney, Federal Deposit Ins. Corp., Washington, D.C., for plaintiff.

Stephen M. Morain, Gale E. Juhl, Morain, Burlingame & Pugh, West Des Moines, Iowa, Frank Wilson, Andrew McR. Barnes, T. Grant Callery, Washington, D.C., Clifford M. Greene, Stephen M. Morain, West Des Moines, Iowa, Popham, Haik, Schnobrich, Kaufman & Doty Ltd., Minneapolis, Minn., for defendant.

## RULING AND ORDER OF DISMISSAL

VIETOR, District Judge.

Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) is before the court.

The action stems from the collapse of the First National Bank of Humboldt, Iowa. Between March 1981 and March 1982, the bank transferred substantial funds and securities to the Lewellyn Company,[1] a brokerage company. Gary Lewellyn, the president and principal of the Lewellyn Company, converted the bank's funds and securities to his own personal use and the use of the Lewellyn Company.[2] As a result of those actions, the bank was declared insolvent by the Comptroller of the Currency on April 2, 1982, and the Federal Deposit Insurance Corporation (FDIC) was appointed as the receiver of the bank. On April 6, 1982, the FDIC, in its capacity as receiver, sold to the FDIC in its corporate capacity certain assets of the bank, including all causes of action that the bank had against any individual or entity arising out of the loss or theft of securities. The FDIC now brings this action in its corporate capacity against the defendant National Association of Securities Dealers (NASD).

The NASD is a nonprofit Delaware corporation registered with the Securities & Exchange Commission as a national securities association pursuant to the Maloney Act, 15 U.S.C. § 78o–3. It is a self-regulatory organization as defined in 15 U.S.C. § 78c(a)(26), and as such it is statutorily authorized to regulate the over-the-counter securities industry. The NASD has over 4,160 broker/dealer members and operates through 13 geographically-defined administrative districts throughout the United States. The Maloney Act requires a national securities association's rules to make express provision for the discipline of members who violate its rules and authorizes the imposition of penalties such as expulsion from membership, suspension, fine, censure, or other appropriate penalty after determination of violation. 15 U.S.C. § 78o –3(b)(7). On February 2, 1981, the Lewellyn Company made application to the NASD for membership, and on July 23, 1981, it was granted membership.

The FDIC's complaint consists of three counts. In Count I it is alleged that the NASD was negligent in its dealing with the Lewellyn Company's application for membership in the NASD and its pre-membership interview. In Count II the FDIC alleges that the NASD was negligent in connection with its review and analysis of the reports and documents filed with it and its enforcement and administration of the Closer-Than-Normal Review Program, the CORE Surveillance Program, and the Financial and Operational Analysis Program with respect to the Lewellyn Company. In Count III the FDIC alleges that the NASD was negligent in its conduct of the financial and operational examination of the Lewellyn Company. The FDIC alleges that the NASD's negligence was a proximate cause of the financial losses sustained by the bank.

The FDIC stated several times in its briefs and during oral argument that its complaint is not based on the federal securities laws, but on "garden variety" common law negligence. Jurisdiction is based solely on 12 U.S.C. § 1819 Fourth and 28 U.S.C. § 1345.

---

**1.** In the complaint the phrase "GVLCOI" is used to mean G.V. Lewellyn and Company and G.V. Lewellyn & Co., Inc. It appears that GVLCOI refers to one company that used two names. In this ruling, the court will refer to the company as the Lewellyn Company.

**2.** Gary Lewellyn was subsequently convicted of embezzlement, mail fraud, and making a false statement, and was sentenced to a total of twenty years in prison. *See United States v. Lewellyn,* 723 F.2d 615 (8th Cir.1983).

Defendant NASD has moved to dismiss the complaint or in the alternative to stay this proceeding pending administrative resolution of plaintiff's claim. NASD contends that the federal securities laws that created its self-regulatory scheme do not provide for causes of action against self-regulatory bodies for failing to prevent misconduct; that no implied cause of action exists under the statutes; and that no cause of action exists based on common law negligence. Because the FDIC has repeatedly indicated that its complaint is founded solely on common law negligence, the court will address only the NASD's argument that no cause of. action exists based on common law negligence.

The crux of the NASD's argument is that plaintiff FDIC has not established a preexisting common law cause of action. The FDIC argues that the NASD has a duty to the investing public under 15 U.S.C. § 78o –3, that the NASD engaged in certain activities with respect to the Lewellyn Company, and negligently performed those activities. The FDIC then relies on *Fabricius v. Montgomery Elevator Co.*, 254 Iowa 1319, 121 N.W.2d 361 (1963), to argue that the negligent performance of an act undertaken, even gratuitously, is a proper basis for a common law negligence action. *Fabricius* involved a negligent inspection by an insurer and was based on a preexisting common law cause of action. That case does not establish a general principle that anyone who undertakes a gratuitous task is liable at common law for negligence.

Although the Maloney Act sets forth a statutory standard of care with which the NASD must comply in the regulation of its members, the Act does not create a common law cause of action. The distinction is significant, as the Iowa Supreme Court has clearly articulated:

> Negligence is a common-law tort that is generally defined as conduct that "falls below the standard established by law for the protection of others against unreasonable risk of harm." *Restatement (Second) of Torts* § 282 (1965). An element of negligence is a duty or

standard of care owed by the actor to the victim. * * * Statutory enactment is one of the means by which such duty or standard of care may be created. * * *

> A statutory duty or standard may thus establish an essential element for a negligence action. However, it does not provide the cause of action. The cause of action itself is a creation of the common law that is inherent in the tort of negligence. The duty or standard of care, statutory or otherwise, is merely an element of proof that comes into play after an action has been rightfully commenced pursuant to the preexisting common-law cause of action.

*Seeman v. Liberty Mut. Ins. Co.*, 322 N.W.2d 35, 37 (Iowa 1982) (citations omitted). Thus, in order for the FDIC to have a claim against the NASD it must first show a preexisting common law cause of action.

Plaintiff FDIC has not provided, nor is the court aware of, any case law indicating the existence of a common law cause of action for negligence by an individual customer of a member of a national securities association or stock exchange against the association or exchange. The FDIC relies on *Piper, Jaffray & Hopwood Inc. v. Ladin*, 399 F.Supp. 292 (S.D.Iowa 1975), as support for its claim against the NASD. That case is distinguishable from the instant case. It involved a claim by an investor against a brokerage corporation based on negligent acts of a registered representative of the brokerage corporation. The court specifically found that "a stock exchange broker acting in that capacity owes a duty to the investing public commensurate with professional responsibilities and privileges growing out of this position." *Id.* at 299. Clearly, a common law cause of action for negligence exists as against a broker and a brokerage company. However, a negligence claim on behalf of an investor against a self-regulatory organization of which the broker is a member is much more attenuated. *Piper, Jaffray* does not provide support for such a claim.

The FDIC also relies on *Walck v. American Stock Exchange, Inc.*, 687 F.2d 778 (3d

Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2118, 77 L.Ed.2d 1300 (1983). In that case an individual investor brought several claims against two stock exchanges based on the Securities and Exchange Act of 1934, as well as a pendent common law claim. The claims based on the federal securities laws were dismissed after the court held that no private rights of action by implication were created in the Securities and Exchange Act. The state common law claim was then dismissed for lack of pendent jurisdiction. The court of appeals affirmed. The issue of whether the state common law claim, which was based on contract and fraud, not negligence, stated a claim on which relief could be granted was not addressed. However, the *Walck* court's comments regarding a stock exchange's alleged duty of disclosure are appropriate with respect to a national securities association:

> Appellant cites no authority for the duty to disclose. His argument in essence is that the Exchange Act is a remedial statute and should be construed flexibly, and that a narrow duty arises "from the Exchanges' duty to enforce their own rules." In our view the Act and the Rules impose no duty on exchanges to disclose member violations to interested investors, either expressly or by implication, and we think sound policy requires rejection of the duty asserted. The exchanges may have discretion to employ public disclosure as a means of enforcement, but forced disclosures could both damage other investors and hamper the exchanges' efforts to regulate and correct member violations.

*Id.* at 790 (footnote omitted).

In *Lacovara v. Merrill Lynch, Pierce, Fenner & Smith,* 551 F.Supp. 601 (E.D.Pa. 1982), an investor sued his broker and the Mid-America Commodity Exchange for negligent and fraudulent conduct. The claim against the commodity exchange was dismissed. The court held that no implied private right of action existed and also noted that "there is no common law cause of action against an exchange for failure to supervise its members." *Id.* at 604.

It is this court's conclusion that a customer of a member of a national securities association has no common law cause of action against the association for negligent admission or supervision of the member.

The FDIC's complaint fails to state a claim upon which relief can be granted, and therefore the NASD's motion to dismiss the complaint is sustained.

IT IS ORDERED that the complaint be dismissed.