**Mitchell I. SCHER, Plaintiff,**

v.

**The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Defendant.**

**No. 94 Civ. 240 (DAB).**

United States District Court, S.D. New York.

Oct. 26, 1994.

Paul D. Wexler, Bragar & Wexler, New York City, for plaintiff.

Alfred G. Feliu, R. Lawrence Ashe, Paul, Hastings, Janofsky & Walker, New York City, for defendant.

### *MEMORANDUM OPINION*

BATTS, District Judge:

In this action alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., defendant Equitable Life Assurance Company ("Equitable") moves for an order compelling arbitration and a stay of the pro-

ceedings in this Court pending arbitration. For the following reasons, defendant's motion is granted.

### I. STATEMENT OF THE CASE

Plaintiff Mitchell Scher ("Scher") was a manager of insurance agents with Equitable. Scher first became associated with Equitable as an agent on November 1, 1977. In connection with his employment, Scher completed an application, known as a "U–4" application, for registration with the National Association of Securities Dealers, Inc. ("NASD").

Scher signed his first U–4 for Equitable in February 1978. In 1983, Scher executed a second U–4, which included a provision requiring the applicant to submit to arbitration "any dispute, claim or controversy between me and my firm ... that is required to be arbitrated under the rules, constitutions or bylaws of the [NASD]." *See* Exhibit 1 to Affidavit of James H. Houck, at 10, ¶ 5. At the time Scher signed this U–4, § 1 of the NASD Arbitration Code required arbitration for "any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, with the exception of disputes involving the insurance business of any member which is also an insurance company." *See* NASD Manual (CCH) ¶ 3701.

Further, by signing the 1983 U–4, Scher also agreed to "abide by, comply with, and adhere to all the provisions, conditions and covenants of the ... [NASD] as they are and may be adopted, changed or amended from time to time." *See* Exhibit 1 to Affidavit of James H. Houck, at 10, ¶ 2. In October 1993, the NASD amended its rules to provide expressly for compulsory arbitration of employment related-disputes. *See* NASD Manual (CCH) ¶ 3701 (1993).

On January 18, 1994, Scher, individually and on behalf of others similarly situated, brought a class action suit against Equitable, alleging religious discrimination in violation of Title VII. Because class action suits are not subject to NASD arbitration, Scher complied with Equitable's document request and Equitable deposed Scher for one and a half days beginning on May 9, 1994. However, on June 14, 1994, Scher filed an amended

complaint, withdrawing the class action allegations. Ten days later, Equitable moved to compel arbitration of Scher's claims and to stay the proceedings in this Court.

## II. ANALYSIS

The Federal Arbitration Act states that agreements to arbitrate contained in written contracts involving commerce are "valid, irrevocable and enforceable." *See* 9 U.S.C. § 2. The Act also provides that if an issue covered by a valid arbitration agreement is brought in federal court, that action must be stayed pending the outcome of arbitration. *See* 9 U.S.C. § 3. The agreement signed by Scher is a written contract for the sale of securities, and thus falls squarely within the ambit of the Act.

■ The arbitrability of the instant matter is not affected by the nature of the plaintiff's claims. Several Courts have held that employees who agree to arbitrate disputes with their employers must arbitrate Title VII claims. *See e.g., Scott v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 1992 WL 245506 (S.D.N.Y.1992). Nor is it relevant that Scher's employment with Equitable terminated prior to the 1993 amendment of the NASD Arbitration Code. *See Kidd v. Equitable Life Assurance Society,* 32 F.3d 516, 520 (11th Cir.1994) (pre-amendment NASD Code required arbitration of employment disputes). Scher agreed to comply with the NASD rules "as they are and may be adopted, changed or amended from time to time." *See* Exhibit 1 to Affidavit of James H. Houck, at 10, ¶ 2. Significantly, the amendment occurred prior to the filing of this law suit. Scher must comply with the NASD Code as it existed at the time he commenced his action.

■ Scher's claim that Equitable has waived its right to arbitration by delaying its motion to compel, to his prejudice, is without merit. "Any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring arbitration for dispute resolution." *Rush v. Oppenheimer & Co.,* 779 F.2d 885, 887 (2d Cir.1985).

There is no indication that Equitable intentionally delayed its motion in order to gain a tactical advantage through the use of discovery which would be unavailable in arbitration. Rather, Equitable's delay appears to be the direct result of Scher's initial stylization of the complaint as a class action. Once the class allegations were removed from the complaint, Equitable promptly moved this Court to compel arbitration of the dispute. Any motion prior to their removal would have likely been futile in light of the NASD Code. *See* NASD Manual (CCH) ¶ 3712(d)(1).

In addition, Scher has not demonstrated any prejudice because of the delay. Unlike *Zwitserse Maatschappij Van Levensverzekering en Lijfrente v. ABN International Capital Markets Corp.,* 996 F.2d 1478, 1480 (2d Cir.1993) (six witnesses responded to questions and provided sworn testimony before an examining judge prior to service of the Demand for Arbitration) and *Com–Tech Associates v. Computer Associates International Inc.,* 938 F.2d 1574, 1576 (2d Cir.1991) (two years of extensive pre-trial discovery, including 10 depositions, occurred before defendant moved to compel arbitration), only a day and a half of deposition of the plaintiff was taken prior to the filing of the instant motion.[1] This does not warrant a finding of actual prejudice sufficient to support a conclusion of waiver by Equitable of their contractual right to arbitrate.

## III. CONCLUSION

■ This Court adheres to the widely held view that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). For the reasons set forth above, Equitable's motion to compel arbitration and stay the proceeding in this Court is granted. Additionally, Equitable is

---

**1.** In addition, Scher complied with Equitable's request for production of documents. This can not be seen to be prejudicial since the NASD Code of Arbitration specifically provides for the exchange of documents. *See* NASD Manual (CCH) ¶ 3732.

hereby directed to respond to plaintiff's document request forthwith.

SO ORDERED.