**Susan A. DESIDERIO, Plaintiff,**

v.

**NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. and Securities and Exchange Commission, Defendants.**

**No. 97 Civ. 0312(PKL).**

United States District Court,
S.D. New York.

April 22, 1998.

---

**518**

Lewis, Greenwald, Clifton & Lewis, P.C., New York City (Everett E. Lewis, Shirley Fingerhood, David W. Greenwald, of counsel), for Plaintiff.

National Association of Securities Dealers, Inc., Washington, DC (Terri L. Reicher, John J. Flood, of counsel), for Defendant NASD.

Securities and Exchange Commission, Washington, DC (Richard M. Humes, James A. Brigagliano, Melinda Hardy, of counsel), for Defendant SEC.

### OPINION AND ORDER

LEISURE, District Judge.

Plaintiff Susan Desiderio claims that a provision in Form U–4, Uniform Application for Securities Industry Registration or Transfer ("Form U–4"), that requires arbitration of disputes between securities brokers and their firms violates her constitutional and statutory rights under U.S. CONST. amend. III, V, and VII; U.S. CONST. art. III; Title 42, United States Code ("U.S.C."), §§ 2000a, *et seq.* ("Title VII"); and 2 U.S.C. §§ 601, *et seq.* Plaintiff seeks a declaratory judgment against defendant National Association of Securities Dealers, Inc., ("NASD"); the NASD requires securities firms to file Form U–4 upon employing registered securities industry representatives or other securities professionals. Plaintiff also seeks a mandatory injunction invalidating the predispute arbitration provision in Form U–4 (Count I). Furthermore, plaintiff claims that the NASD is liable for tortious interference with contract (Count II) and negligent infliction of emotional distress (Count IV). Finally,

plaintiff alleges that defendant Securities and Exchange Commission ("SEC") arbitrarily and capriciously and in violation of Chapter 15 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78o, *et seq.*, has allowed the NASD to require registered representatives to submit employment disputes to arbitration as a condition of employment. Defendants now move for judgment on the pleadings on all claims, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons stated herein, the Court grants defendants' motions.

### BACKGROUND

The NASD is a private not-for-profit corporation organized under the laws of Delaware, and is a self-regulatory organization registered with the SEC as a national securities association. Under Section 25 of the Exchange Act, the NASD is required to regulate the over-the-counter securities market, securities firms, and their registered representatives who buy and sell over-the-counter securities. The SEC must approve all of the NASD's rules and regulations, including those relating to arbitration and the registration of securities representatives.

The NASD also is required to maintain employment records regarding its member securities firms and their registered representatives. Pursuant to its authority to establish standards for the uniform licensing and registration of securities professionals, the NASD has approved Form U–4 for use in registering securities industry representatives employed by securities firms. The NASD is required to retain Form U–4 for the states in which a representative is registered to do business; all states permit the filing of registration forms with the NASD Central Registration Depository.

By signing Form U–4, a registrant agrees to comply with all rules and regulations for the organizations with which he or she seeks to register, and agrees to arbitrate employment disputes.[1] The NASD operates an ar-

---

1. On August 7, 1997, the NASD decided to eliminate this mandatory arbitration provision. Plaintiff refused to sign the Form U–4 in 1996,

and brought this action in January of 1997. As the arbitration requirement was in effect at all

bitration forum that resolves disputes between securities brokers and their firms. The NASD Code of Arbitration Procedure, which governs the proceedings in the NASD arbitration forum, requires a written arbitration award and regulates the composition of the arbitration panel, the disclosure of information by the arbitrators, and the removal of arbitrators through challenges.

On March 18, 1996, plaintiff was hired by SunTrust Bank ("SunTrust") in Florida as a registered securities representative. As a condition of employment, plaintiff was required by state and federal law to execute a Form U–4 registration form. Plaintiff executed the Form U–4, but struck out a provision in the Form requiring her to arbitrate any dispute with SunTrust. The NASD allegedly advised SunTrust's compliance department that an altered form would not be permitted, but plaintiff refused to submit an unaltered Form U–4. SunTrust subsequently revoked its offer of employment because plaintiff could not become registered, and the altered Form U–4 never was submitted to the NASD. On January 15, 1997, plaintiff filed a Complaint instituting the instant action and asserting that jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* Defendants now move for judgment on the pleadings.

## DISCUSSION

### I. *Standard for Judgment on the Pleadings*

When deciding a defendant's motion for judgment on the pleadings pursuant to either Fed.R.Civ.P. 12(b)(1) or 12(b)(6), a court may grant the motion "only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 44 (2d Cir.

1997) (internal quotation omitted); *see also Jaghory v. New York State Department of Education*, 131 F.3d 326, 329 (2d Cir.1997). In considering such a motion, the court "must accept as true the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Northrop*, 134 F.3d at 43; *see also Jaghory*, 131 F.3d at 329.

### II. *Count I*

◼ The Court first finds that the NASD is not a state actor and consequently could not violate plaintiff's Fifth Amendment due process rights. *See Public Utilities Commission v. Pollak*, 343 U.S. 451, 461, 72 S.Ct. 813, 96 L.Ed. 1068 (1952) (finding that the Fifth Amendment "applies to and restricts only the Federal Government and not private persons"). The NASD is a private corporation, does not receive federal funding, and is not subject to any requirement that members of the NASD Board of Governors or members of the NASD Regulation, Inc. Board of Directors be government officials or appointed by a government official. Federal courts consistently have held that the NASD and other self-regulatory agencies are not state actors either in regulating industry pursuant to their statutory duties or in sponsoring arbitration fora that employ rules regulated by the SEC.[2]

◼ The Court further concludes that Form U–4's provision subjecting federal statutory claims to mandatory arbitration is not unconstitutional. In *Gilmer v. Interstate/Johnson–Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), the United States Supreme Court upheld the legality of the mandatory predispute arbitration provision in Form U–4 (used by the New York Stock Exchange ("NYSE")) in the face of arguments implicating the Seventh Amendment and Article III to the U.S. Constitution. The Court affirmed the broad sweep of the Federal Arbitration Act ("FAA") and noted that the exclusion from the FAA of contracts

times relevant to this action, the change in NASD policy has no bearing on the case.

**2.** *See United States v. Solomon*, 509 F.2d 863, 869 (2d Cir.1975) (finding no agency relationship between the New York Stock Exchange and the SEC); *see also First Jersey Securities, Inc. v.*

*Bergen*, 605 F.2d 690, 699 n. 5 (3d Cir.1979) (the NASD is not a state agency); *Datek Securities Corp. v. National Association of Securities Dealers, Inc.*, 875 F.Supp. 230, 234 (S.D.N.Y.1995); *Cremin v. Merrill, Lynch, Pierce, Fenner & Smith*, 957 F.Supp. 1460, 1470 (N.D.Ill.1997).

of employment does not apply to the arbitration provision in Form U–4, which is a contract with the securities exchanges. *See id.* 500 U.S. at 24–25 n. 2.[3]

The plaintiff in *Gilmer* argued that the arbitration process and arbitration panel were biased and that the arbitration procedures were inadequate. The Court rejected this contention, holding that the NYSE arbitration rules sufficiently protected against biased panels and insured adequate resolution of the plaintiff's substantive rights outside of a judicial forum. *See id.* at 28–31.[4] The Court also rejected the argument that inequities in bargaining power between employers and employees justify holding arbitration agreements unenforceable, and held that the NYSE's requirement of a written arbitration award was sufficient. *See id.* at 28–30, 33. Because the arbitration rules analyzed and upheld by the Court in *Gilmer* are equivalent to provisions in the NASD Arbitration Code, the Court in effect has rejected Desiderio's claims that the NASD arbitration requirement violates her constitutional rights.

■ Although neither the Supreme Court nor the Court of Appeals for the Second Circuit has held specifically that the mandatory arbitration clause of Form U–4 can apply to a claim under Title VII, the weight of authority from other circuits clearly supports such a conclusion.[5] Moreover, in *Genesco,*

*Inc. v. T. Kakiuchi & Co., Ltd.,* 815 F.2d 840 (2d Cir.1987), the Second Circuit held that a claim is subject to arbitration if (1) the parties agreed to arbitrate, (2) the agreement was intended by the parties to apply to that type of claim, (3) Congress intended the claim(s) to be arbitrable (when federal statutory claims are asserted), and (4) the court need not stay the balance of the proceedings pending arbitration (when not all of the claims are arbitrable). *See* 815 F.2d at 844. Execution of the Form U–4 inherently represents an agreement to arbitrate employment claims, and other courts that have considered the issue have ruled that the predispute arbitration clause in the Form U–4 encompasses Title VII claims and compels their arbitration.[6] Thus, application of the standard set forth by the Second Circuit in *Genesco* leads the Court to the conclusion reached by so many courts that have considered the issue: it violates no constitutional provision to apply a mandatory arbitration clause to a claim under Title VII.

Plaintiff's reliance on the decisions in *Prudential Insurance Co. of America v. Lai,* 42 F.3d 1299 (9th Cir.1994) and *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 995 F.Supp. 190 (D.Mass.1998) is misplaced. In *Lai,* the Court of Appeals for the Ninth Circuit found that the plaintiffs did not knowingly waive their right to litigate Title VII claims in court pursuant to signing Form U–4 because the plaintiffs *were not told what*

**3.** The Court specifically found that mandatory arbitration of claims under the Age Discrimination and Employment Act of 1967 ("ADEA") was not precluded by the text, history, or purpose of the ADEA. *See id.* 500 U.S. at 27.

**4.** *See also Kuehner v. Dickinson & Co.,* 84 F.3d 316, 320 (9th Cir.1996) (absence of jury trial does not afford a basis for declining to enforce agreement to arbitrate, because right to jury trial is not substantive).

**5.** *See Bender v. A.G. Edwards & Sons, Inc.,* 971 F.2d 698, 700 (11th Cir.1992) (finding that Title VII claims are subject to compulsory arbitration where plaintiff has signed Form U–4); *see also Mago v. Shearson Lehman Hutton, Inc.,* 956 F.2d 932, 935 (9th Cir.1992) (finding that as Congress did not intend to preclude arbitration of Title VII claims, plaintiff's claims for sexual harassment and gender discrimination were subject to arbitration as provided in her employment application); *Patterson v. Tenet Healthcare, Inc.,* 113 F.3d 832, 837 (8th Cir.1997) (Title VII claims are

subject to individual consensual agreements to arbitrate); *Willis v. Dean Witter Reynolds, Inc.,* 948 F.2d 305, 307 (6th Cir.1991) (finding that the FAA and arbitration provisions of the Securities Registration Form applied to plaintiff's Title VII claims); *Alford v. Dean Witter Reynolds, Inc.,* 939 F.2d 229, 230 (5th Cir.1991) (holding that Title VII claims are subject to arbitration under the FAA); *Great Western Mortgage Corp. v. Peacock,* 110 F.3d 222, 229 (3d Cir.1997) (finding that "more than a disparity in bargaining power is needed in order to show that an arbitration agreement was not entered into willingly").

**6.** *See Hall v. Metlife Resources,* No. 94–0358, 1995 WL 258061 (S.D.N.Y. May 3, 1995); *see also Scher v. Equitable Life Assurance Society of the United States,* 866 F.Supp. 776 (S.D.N.Y. 1994); *Scott v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* No. 89–3749, 1992 WL 245506 (S.D.N.Y. Sept. 14, 1992).

they were signing, were not permitted to read the Form, were not aware that the Form contained an arbitration clause, and were not given a copy of the NASD Manual, which contained the applicable arbitration rules. *See Lai,* 42 F.3d at 1301, 1305. The instant case is readily distinguishable. As an initial matter, Desiderio is familiar with the arbitration clause in Form U–4 and with the NASD Arbitration Code. Thus, unlike the plaintiffs in *Lai,* Desiderio was aware that by signing the Form U–4, she would waive her right to litigate employment disputes in court. *Lai* also is distinguishable in that when the events relevant to the instant action occurred, the NASD arbitration rule in effect clearly covered employment disputes. In contrast, the NASD rule at issue in *Lai* was an earlier version that did not specifically require arbitration of employment disputes. *See id.* at 1305. Thus, the conclusions of the *Lai* court have little bearing on the issue in dispute here.

Nor does the Court place great stock in the decision in *Rosenberg.* The *Rosenberg* court denied a defendant's motion to compel arbitration of a plaintiff's Title VII claims on the ground that the NYSE arbitration forum was structurally biased in favor of securities firms. *See Rosenberg,* 995 F.Supp. at 207–208. The court concluded that there existed structural bias in the practice of having arbitrators selected by the Director of Arbitration and the Chairman of the Board of the NYSE, which the court found to be dominated by securities industry representatives. *See id.* at 207. In contrast, the NASD Code and the structure of the NASD and of NASD Regulation, Inc., provide for selection of a majority of arbitrators from outside of the securities industry. As the weight of authority clearly favors upholding the arbitration provision in Form U–4 and because the cases cited by plaintiff are materially distinguishable from the instant case, the Court concludes that the NASD's arbitration requirement is constitutional and that Count I

therefore does not state a claim upon which relief can be granted.

### III. Counts II and IV

■ Plaintiff alleges that, under Florida law, the NASD tortiously interfered with her employment contract with SunTrust by requiring that plaintiff agree to the mandatory arbitration provision in Form U–4 and by causing SunTrust to terminate plaintiff's employment when she refused to agree to the provision. *See* Complaint at ¶ 41. Plaintiff also claims that the NASD negligently inflicted emotional distress upon plaintiff by causing SunTrust to terminate her employment. *See id.* at ¶ 59. However, the Exchange Act provides no express private right of action against the NASD for common law claims or for claims arising from the NASD's statutory function as a securities regulator.[7] Accordingly, the Court must dismiss Counts II and IV for failure to state a claim upon which relief can be granted.

### IV. Count III

■ Plaintiff's claim against the SEC fails because the United States has not waived sovereign immunity and because plaintiff has neither exhausted her administrative remedies nor sought judicial review in the proper court. As a sovereign, the United States is not subject to suit without its consent. *See Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). Courts may only exercise jurisdiction over suits against the United States and its agencies if Congress has waived sovereign immunity by statute; the federal government and federal agencies may be sued only in the specific manner enumerated by Congress. *See Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *see also United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). As neither 28 U.S.C.

---

**7.** *See Mihalakis v. Pacific Brokerage Services, Inc.,* No. 91–994, 1991 WL 280236, at *4 (S.D.N.Y. Dec. 23, 1991) (finding that the Exchange Act does not create a private right of action against the NASD); *see also Meyers v. National Association of Securities Dealers, Inc.,* No. 95–75077, 1996 U.S. Dist. LEXIS 6044, at *13–14 (E.D.Mich. March 29, 1996) (holding that no private right of action against the NASD exists under the Exchange Act for alleged tortious interference with contract).

**522**

§ 1331 nor 28 U.S.C. § 1332 constitutes a waiver of sovereign immunity,[8] plaintiff only can obtain judicial review of SEC rules or of the SEC's approval of the rules of a self-regulatory organization such as the NASD under the APA. The APA specifies that "[t]he form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute." 5 U.S.C. § 703.

■ Section 25 of the Exchange Act, which governs the "form of proceeding for judicial review" adverted to in 5 U.S.C. § 703, requires that any party aggrieved or adversely affected by the entry of an order or promulgation of a rule must file a written petition with a United States Court of Appeals within 60 days after entry of the order or rule. See 15 U.S.C. §§ 78y(a)(1), (b)(1). The SEC approved the most recent NASD rule change regarding mandatory arbitration in 1993; plaintiff, however, did not file a petition within 60 days of the approval and has not filed the instant Complaint in the court prescribed by statute. Nor has plaintiff petitioned the SEC pursuant to 5 U.S.C. § 553(e) to establish a rule overturning or compelling modification of the NASD's arbitration rules.[9] As plaintiff has not complied with the Exchange Act and has not exhausted her administrative remedies by petitioning the SEC, the Court lacks subject matter jurisdiction over the claim asserted in Count III of the Complaint. Therefore, pursuant to Fed.R.Civ.P. 12(b)(1), the Court must dismiss Count III as well.

### CONCLUSION

For the reasons stated, *supra*, defendants' motions to dismiss all counts of the Complaint for failure to state claims pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure are HEREBY GRANTED.

**SO ORDERED.**

---

8. *See Mack v. United States*, 814 F.2d 120, 122 (2d Cir.1987) (finding that the general jurisdictional statute does not waive sovereign immunity); *see also Weeks Construction, Inc. v. Oglala Sioux Housing Authority*, 797 F.2d 668, 676 n. 10 (8th Cir.1986) (finding that the diversity jurisdiction statute does not allow action against United States).

9. *Cf. Brown v. Secretary of Health and Human Services*, 46 F.3d 102, 113–114 (1st Cir.1995) (party applying for Aid to Families with Dependent Children (AFDC) benefits should have exhausted administrative remedies by seeking amendment to regulation pursuant to 5 U.S.C. § 553(e), especially where party sought to raise factual and policy issues over which Congress has vested agency with primary discretion).