# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1404

_____

| | | |
|---|---|---|
| MM&S Financial, Inc., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| National Association of Securities | * | |
| Dealers, Inc.; NASD Dispute | * | |
| Resolution, Inc., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  December 18, 2003
Filed:  April 14, 2004

_____

Before RILEY, LAY, and HEANEY, Circuit Judges.

_____

RILEY, Circuit Judge.

After MM&S Financial, Inc. (MM&S) purchased certain assets of Miller & Schroeder Financial, Inc. (Miller), former Miller customers brought securities arbitration proceedings against MM&S.  MM&S brought suit against the National Association of Securities Dealers, Inc. (NASD) and NASD Dispute Resolution, Inc.

(the NASD defendants) to prohibit the arbitration proceedings. The district court[1] dismissed MM&S's complaint. We affirm.

## I.    BACKGROUND

NASD is a non-profit, self-regulatory organization registered with the Securities and Exchange Commission as a national securities association. NASD Dispute Resolution, Inc. is NASD's wholly-owned dispute resolution subsidiary, providing a forum for resolving industry controversies and conducting arbitrations under the Code of Arbitration Procedures. MM&S, a securities firm and NASD member, purchased certain assets from the bankrupt Miller. Former Miller customers brought private securities arbitration proceedings against MM&S in the NASD Dispute Resolution forum. MM&S brought a two-count suit against the NASD defendants, believing it should not be required to arbitrate the claims of Miller's customers with whom MM&S had never done business. The lawsuit alleged the NASD defendants violated (1) the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78s(g)(1), by failing to follow their own rules and dismissing the arbitrations, and (2) the U.S. Constitution's Commerce, Due Process, and Equal Protection Clauses. MM&S's main contention is the NASD defendants have wrongly asserted jurisdiction over MM&S in violation of NASD Rule 10101, which controls "Matters Eligible for Submission," and states, in relevant part, the following: "This Code of Arbitration Procedure is prescribed . . . for the arbitration of any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association . . . (c) between or among members or associated persons and public customers, or others."

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Arguing MM&S sued the wrong parties, the NASD defendants moved to dismiss the complaint. The magistrate judge[2] recommended granting the motion to dismiss, concluding (1) 15 U.S.C. § 78s(g)(1) does not provide MM&S a private right of action, and (2) the NASD defendants are not state actors and cannot be sued for constitutional violations. MM&S objected to the magistrate judge's Report and Recommendation arguing its complaint states a breach of contract claim. MM&S later moved to amend its complaint to state a breach of contract claim. Adopting the magistrate judge's Report and Recommendation, the district court granted the motion to dismiss, agreeing the statutory count failed because no private right of action against the NASD defendants exists, and the constitutional count failed because the NASD defendants are not state actors. The district court also decided MM&S's complaint did not state a breach of contract claim, and, even if the court allowed MM&S to amend the complaint to include a breach of contract claim, no such private right of action exists under 15 U.S.C. § 78s(g)(1). MM&S appeals the decision that its complaint does not state a breach of contract claim.

## II.     DISCUSSION
### A.     Standards of Review

We review de novo a district court's grant of a motion to dismiss. Stone Motor Co. v. GMC, 293 F.3d 456, 464 (8th Cir. 2002). Under Federal Rule of Civil Procedure 12(b)(6), we accept MM&S's factual allegations as true and grant every reasonable inference in MM&S's favor. Id. We review the district court's denial of leave to amend the complaint for an abuse of discretion. Grandson v. Univ. of Minn., 272 F.3d 568, 575 (8th Cir. 2001). When amending a pleading would be futile, a court will not grant leave to amend. Id.

---

[2]The Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

### B. No Private Right of Action

MM&S argues it has a private right of action against the NASD defendants for violating the NASD rules, because no court has held the NASD defendants are immune from breach of contract claims. First, MM&S has lost sight of the issue. The issue is whether MM&S has a right of action against the NASD defendants, not whether courts have recognized a cause of action for NASD members such as MM&S. Second, MM&S's proposition would allow any NASD member to sue the NASD defendants if the member believed the NASD defendants might have violated one of NASD's numerous rules. MM&S seeks this result without the aid of supporting language in the Exchange Act or caselaw. For support, MM&S relies almost exclusively on Wheat, First Securities, Inc. v. Green, 993 F.2d 814 (11th Cir. 1993), and Gruntal & Co. v. Steinberg, 854 F. Supp. 324 (D.N.J. 1994). Neither case involved a suit against NASD for violating its own rules, so we are not persuaded by these authorities.

The Exchange Act requires a self-regulatory organization to comply with the Exchange Act and the organization's own rules. 15 U.S.C. § 78s(g)(1). Interestingly, MM&S has not appealed the district court's dismissal of the statutory right of action under the Exchange Act, but rather focuses its appeal on whether the MM&S complaint states a breach of contract claim. If the Exchange Act does not provide an implied right of action to MM&S, a private right of action for breach of contract is even more tenuous. Therefore, we address two questions for purposes of this appeal. First, does section 78s(g)(1) create an implied right of action in MM&S's favor? Second, if section 78s(g)(1) does not create an implied right of action, does MM&S nevertheless have a free-standing breach of contract claim against the NASD defendants for failing to follow NASD's own rules?

### 1. No Statutory Right of Action

Whether MM&S has a statutory right of action against the NASD defendants depends on our construction of section 78s(g)(1). See Touche Ross & Co. v.

Redington, 442 U.S. 560, 568 (1979). In construing section 78s(g)(1), we ask "whether Congress intended to create the private right of action asserted" by MM&S. Id. However, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Id. (quoting Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979)).

MM&S wisely abandoned its claim based on section 78s(g)(1), as the weight of authority precludes such a private right of action. See, e.g., Sparta Surgical Corp. v. Nat'l Assoc. of Secs. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998) (noting "[i]t is undisputed, even by [the plaintiff], that a party has no private right of action against an exchange for violating its own rules or for actions taken to perform its self-regulatory duties under the Act. Thus, to the extent that [the plaintiff] seeks private relief for NASD['s] . . . breach of [its] own rules, its claims are barred.") (citation omitted); Niss v. Nat'l Assoc. of Secs. Dealers, Inc., 989 F. Supp. 1302, 1306 (S.D. Cal. 1997) (holding section 15A of the Exchange Act "does not create a private right of action for a violation of the NASD's statutory duties"); Raymond James & Assocs., Inc. v. Nat'l Assoc. of Secs. Dealers, Inc., 844 F. Supp. 1504, 1507 (M.D. Fla. 1994) (holding section 78s(g)(1) creates no private right of action when NASD violates its own rules); Gustafson v. Strangis, 572 F. Supp. 1154, 1158 (D. Minn. 1983) (holding Exchange Act does not provide private right of action against NASD for failing to prevent member misconduct); cf. Olson v. Nat'l Assoc. of Secs. Dealers, Inc., 85 F.3d 381, 383 (8th Cir. 1996) (holding, in an arbitral immunity case, that NASD is immune from suit for selecting an arbitration panel in violation of its own rules). We agree with these authorities that the Exchange Act does not create a private right of action against the NASD defendants for violating their own rules.

A simple review of section 78s(g)(1)'s plain language prompts us to conclude Congress did not draft that section with an eye toward creating private rights of action against the NASD defendants for violating their own rules. "The ultimate question is one of congressional intent, not one of whether this Court thinks that it can improve

upon the statutory scheme that Congress enacted into law." Redington, 442 U.S. at 578. As the Supreme Court recognized, Congress knows how to effectuate its intent to grant a federal right of action under the Exchange Act. Id. at 579; see id. at 572 ("Obviously, then, when Congress wished to provide a private damage remedy [under the Exchange Act], it knew how to do so and did so expressly."). Given Congress's failure to use specific language granting a private right of action for section 78s(g)(1) violations, we join other courts in refusing to recognize a private right of action under section 78s(g)(1).

### 2. No Common Law Breach of Contract Action

Our review of MM&S's complaint leads us to the same conclusion the magistrate judge and the district court reached–MM&S's complaint does not plead a breach of contract claim. We also conclude the district court did not abuse its discretion in denying MM&S's late decision to recast its entire lawsuit into one for breach of contract. Allowing MM&S to amend its complaint to assert a common-law breach of contract claim would be futile, as no private right of action exists.

The Exchange Act vests exclusive jurisdiction in federal district courts to hear claims "brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa. By enacting this provision, Congress gave federal courts exclusive jurisdiction over all claims based on a breach of a duty created by the Exchange Act. We already decided, and MM&S apparently concedes, the Exchange Act does not grant MM&S a private right of action against the NASD defendants. Given Congress's grant of exclusive jurisdiction to federal courts to hear all claims for breach of duties created under the Exchange Act, we doubt Congress intended to allow MM&S to avoid Congress's decision not to provide an express right of action and pursue instead a common-law breach of contract claim.

Although not confronted with a breach of contract claim, our circuit has recognized the Exchange Act does not create a common-law right of action against

NASD for the "negligent admission or supervision of [a] member." FDIC v. Nat'l Assoc. of Secs. Dealers, Inc., 747 F.2d 498, 499 (8th Cir. 1984), aff'g 582 F. Supp. 72, 74 (S.D. Iowa 1984) (holding that, although the Exchange Act "sets forth a statutory standard of care with which the NASD must comply in the regulation of its members, the Act does not create a common law cause of action"); see also Desiderio v. Nat'l Assoc. of Secs. Dealers, Inc., 2 F. Supp. 2d 516, 521 (S.D.N.Y. 1998) (holding "the Exchange Act provides no express private right of action against the NASD for common law claims or for claims arising from the NASD's statutory function as a securities regulator"). Any attempt by MM&S to bypass the Exchange Act by asserting a private breach of contract claim for violations of section 78s(g)(1) is fruitless. See, e.g., Lowe v. NASD Regulation, Inc., No. 99-1751, 1999 WL 1680653, at *4 (D.D.C. Dec. 14, 1999) (holding breach of contract allegations "that the NASD violated its own rules . . . invok[ed] statutory federal jurisdiction under 15 U.S.C. § 78aa"); Niss, 989 F. Supp. at 1308 (holding plaintiff's breach of contract claim against NASD failed, because it was simply "an attempt to evade the doctrine that no private right of action exists against the NASD for failing to supervise its members adequately"). Therefore, the district court did not abuse its discretion in denying MM&S's motion for leave to amend its complaint to add a breach of contract claim against the NASD defendants.

## III. CONCLUSION

We conclude the district court correctly held section 78s(g)(1) of the Exchange Act does not create a right of action against the NASD defendants for failing to follow their own rules. Furthermore, allowing MM&S to assert a private breach of contract claim would vitiate Congress's intent not to allow private rights of action against self-regulatory organizations for violating NASD's own rules. Thus, we affirm the district court's grant of the NASD defendants' motion to dismiss.

_____