# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3759

_____

Terry Creason; Janet Creason,     *
                                       *

         Appellants,          *

                                      *

     v.                           *

                                      *

City of Washington, a municipal     *
corporation of the third class; Richard     *
Stratman, Mayor of the City of     *
Washington; Walter E. Larson, Former     *
Mayor of the City of Washington; Jim     *
Briggs, City Administrator; Daniel E.     *
Boyce, Washington City Engineer; Tim     *     Appeal from the United States
Overschmidt, Washington City     *     District Court for the
Council; Robert Engemann,     *     Eastern District of Missouri.
Washington City Council; Tessie     *
Steffens, Washington City Council;     *
John Rhodes, Washington City     *
Council; Kevin Hellmann, Washington     *
City Council; Tim Brinker,     *
Washington City Council; John Politte,     *
Washington City Council; Bradley     *
Bruns, Washington City Council, Said     *
Individuals being sued in their Official     *
Capacities,     *

                                      *

         Appellees.          *

Submitted: October 14, 2005
Filed: February 1, 2006

Before RILEY, JOHN R. GIBSON, and COLLOTON, Circuit Judges.

RILEY, Circuit Judge.

Terry Creason and Janet Creason (Creasons) appeal the district court's[1] dismissal of their 42 U.S.C. § 1983 action. After de novo review, we agree the Creasons failed to state a claim for which relief can be granted, and we affirm.

## I.    BACKGROUND

On March 24, 2000, the Creasons purchased a single family residence and tract of land on Steutermann Road in the City of Washington, Missouri (City). During 2000 and 2001, the City improved Steutermann Road to turn Steutermann Road into "an attractive alternate to Highway 100." On January 17, 2003, the City imposed a "special assessment" against the owners of lots adjacent to Steutermann Road, including the Creasons, in the amount of $18.04 per linear foot. The City gave all affected landowners the option of exchanging an easement for the special assessment costs of improving Steutermann Road. In other words, the City permitted landowners to offset the value of the donated land against the special assessment.

The Creasons declined the City's offset offer. The City initiated condemnation proceedings against the Creasons, and as a result of the condemnation proceedings, the City paid the Creasons a $6,870 condemnation award. The City thereafter

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

imposed a special assessment on the Creasons' property in the amount of $5,258.66 (approximately 77% of the condemnation award).

The Creasons sued the City and various City officials in state court, and the City removed the action to federal court. In Count I, the Creasons sought a declaratory judgment and injunctive relief against the special assessment, alleging the special assessment "constitutes an unlawful and unauthorized cloud and lien on [the Creasons'] title" and asking the court to declare the special assessment "null and void." In Count II, the Creasons sought damages under 42 U.S.C. § 1983, alleging the special assessment violates the Due Process Clause; the right to just compensation; the Equal Protection Clause; the Uniform Relocation and Real Property Acquisition Policies Act (URA), 42 U.S.C. §§ 4601-4655; and Missouri law.

The City filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing the Creasons failed to allege sufficient facts supporting their claims. The district court (1) dismissed the Creasons' claims under section 1983, concluding the Creasons failed to state a claim for which relief can be granted; (2) dismissed the Creasons' claim under the URA, because the URA does not create a private right of action; and (3) declined to exercise supplemental jurisdiction over the Creasons' state law claims.

The Creasons appeal the district court's dismissal of their section 1983 claims in Count II, arguing they stated a cause of action "based on the City's violation of [the Creasons'] constitutional rights to due process, just compensation and equal protection of the laws."

## II.    DISCUSSION

"We review de novo a district court's grant of a motion to dismiss." MM&S Fin., Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., 364 F.3d 908, 909 (8th Cir. 2004)

(citation omitted). Under Rule 12(b)(6), we must accept the Creasons' factual allegations as true and grant all reasonable inferences in the Creasons' favor. Id.

To survive dismissal of their section 1983 cause of action, the Creasons must have sufficiently alleged the City deprived them of a right "secured by the Constitution and laws" of the United States, and the deprivation was caused by a person or persons acting under color of state law. 42 U.S.C. § 1983; Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). The Creasons asserted three section 1983 causes of action: (1) violation of the Equal Protection Clause, (2) violation of the Due Process Clause, and (3) violation of their right to just compensation.

A.    Equal Protection Claim

In their complaint, the Creasons first alleged the City violated the Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and article I, section 2, of the Missouri Constitution, because the City did not apply the special assessments uniformly against the affected landowners.[2] The Equal Protection Clause requires the government treat all similarly situated people alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). As a threshold matter, "[t]o state an equal protection claim, [the Creasons] must have established that [they were] treated differently from others similarly situated." Johnson v. City of Minneapolis, 152 F.3d 859, 862 (8th Cir. 1998).

_____

[2]The Creasons alleged violations of both the United States and Missouri Constitutions, but the parties do not separately address federal and state constitutional law. Because the parties appear to assume the state and federal standards are the same, and because the Missouri Constitution uses language substantially similar to the United States Constitution, we confine our analysis to federal constitutional law and accept the parties' implicit concession the analysis under Missouri constitutional law is the same.

The district court observed that an exhibit attached to the Creasons' complaint showed the City assessed all similarly situated landowners at the same rate per linear foot. Therefore, the district court determined the Creasons' equal protection claim was insufficient as a matter of law. We agree with the district court. The City imposed a special assessment against every owner of lots adjacent to Steutermann Road, including the Creasons, in the amount of $18.04 per linear foot. The City also permitted every affected landowner to offset the value of the donated land against the special assessment. Although the Creasons were the only affected landowners to decline the City's offset offer and instead seek just compensation in condemnation proceedings, the City treated the Creasons and other similarly situated landowners the same.[3] Thus, we affirm the district court's dismissal of the Creasons' equal protection claim.

### B.    Due Process Claim

The Creasons' second cause of action asserted the special assessment violated their constitutional right to due process. The Due Process Clause of the Fourteenth Amendment prohibits governments from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This clause has two components: procedural due process and substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998).

The Creasons' complaint did not state whether their due process cause of action was a substantive due process or a procedural due process claim, and the district court

---

[3]To the extent the City treated landowners differently, by using donated land with values not matching amounts due under the assessment to offset the special assessment, the Creasons' equal protection claim fails because the City had a rational basis for any dissimilar treatment. See Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998) (en banc) (quoting Romer v. Evans, 517 U.S. 620, 631 (1996)) (holding a classification that does not burden a fundamental right or target a suspect class will be upheld if it bears a rational relationship to a legitimate end).

addressed only whether the Creasons sufficiently alleged a procedural due process claim. To the extent the Creasons attempted to assert a substantive due process claim as well as a procedural due process claim, both of their due process claims fail.

As the district court recognized, the Creasons' procedural due process claim fails because the Creasons did not challenge the manner of any deprivation, such as lack of notice or opportunity to be heard. See Parrish v. Mallinger, 133 F.3d 612, 615 (8th Cir. 1998) ("A procedural due process claim focuses not on the merits of a deprivation, but on whether the State circumscribed the deprivation with constitutionally adequate procedures.").

Any substantive due process claim also fails. In analyzing a substantive due process claim, our task is two-fold. First, we consider whether the Creasons "possessed a right arising under the [F]ourteenth [A]mendment." Wells v. Walker, 852 F.2d 368, 370 (8th Cir. 1988). Second, we determine "whether [the City's] conduct deprived [the Creasons] of [that right] within the meaning of the due process clause." Id. "To meet [this] burden [the Creasons] must demonstrate that the government action complained of is truly irrational, that is something more than . . . arbitrary, capricious, or in violation of state law." Klein v. McGowan, 198 F.3d 705, 710 (8th Cir. 1999) (internal quotation omitted).

The Creasons failed to allege sufficient facts supporting either element of a substantive due process claim. First, the Creasons do not allege or argue their monetary interest in being free from a special assessment is a liberty interest "deeply rooted in this Nation's history and tradition" so as to be protected by the Fourteenth Amendment. Washington v. Glucksberg, 521 U.S. 702, 721 (1997) (quotation omitted). Second, the City's imposition of the special assessment was not so "arbitrary" or "conscience-shocking" as to violate due process. See Lingle v. Chevron U.S.A. Inc., 125 S. Ct. 2074, 2084 (2005); Lewis, 523 U.S. at 846; Bonebrake v. Norris, 417 F.3d 938, 942 (8th Cir. 2005). The City had a valid public purpose in

-6-

improving Steutermann Road in order to "provide an attractive alternate to Highway 100, thereby relieving traffic on this State Route." Because the Creasons failed to meet their burden of showing irrationality, they have failed to meet the second element of a substantive due process claim. Klein, 198 F.3d at 710. Therefore, the district court properly dismissed the Creasons' due process claim.

## C.    Taking Claim

Finally, the Creasons alleged the special assessment constituted an unconstitutional taking without just compensation, in violation of the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and article I, section 26, of the Missouri Constitution.

It may be somewhat unclear whether special assessments for local improvements constitute takings. Compare Village of Norwood v. Baker, 172 U.S. 269, 279 (1898) (holding a local government takes private property without just compensation when, through a special assessment on land, it compels a landowner to pay for a public improvement in an amount "in substantial excess of the special benefits accruing to him") and Myles Salt Co. v. Bd. of Comm'rs, 239 U.S. 478, 485 (1916) (holding when a special assessment is "formed to include property which is not and cannot be benefitted directly or indirectly . . . there is an abuse of power and an act of confiscation") with Commonwealth Edison Co. v. United States, 271 F.3d 1327, 1329 (Fed. Cir. 2001) (en banc) (holding a special assessment "does not constitute a Fifth Amendment taking because the Takings Clause does not apply to legislation requiring the payment of money") and City of Marshfield v. Brown, 88 S.W.2d 339, 340 (Mo. 1935) (holding a special assessment "is not an actual taking of or damage to [] property"). Even if the special assessment did constitute a taking, the Creasons have no taking claim because they do not allege they did not receive just compensation. See Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194 n.13 (1985) ("As we have explained . . . because the Fifth Amendment proscribes takings *without just compensation*, no constitutional violation

occurs until just compensation has been denied.").  Thus, the Creasons' taking claim fails as a matter of law.

## III. CONCLUSION

Therefore, we affirm the district court's dismissal of the Creasons' section 1983 action.

_____