# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3838

_____

Bobbie J. Parette; Howard P. Parette;   *
Emily Jane Parette; Louise Parette      *
Gooden; Richard Gooden,                *
                             *
      Appellants,            *
                             *
    v.                    *   Appeal from the United States
                             *   District Court for the
Bart Virden; Stewart Nelson; City of  *   Eastern District of Arkansas.
Morrilton, Arkansas; Morrilton      *
Wastewater Utility Commission, also  *     [UNPUBLISHED]
known as Morrilton Wastewater     *
Committee; Burt Henderson; Lorne   *
McKey; Greg Flowers; Dean Gentry;  *
Perry Brown,                 *
                             *
      Appellees.          *

_____

Submitted: March 7, 2006
Filed: April 3, 2006

_____

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Bobbie Parette, Howard Parette, Emily-Jane Parette, Louise Parette Gooden, and Richard Gooden (collectively, appellants) appeal

from an order of the district court[1] granting summary judgment in favor of the City of Morrilton, Arkansas (City), City Attorney Bart Virden, City Mayor Stewart Nelson, and the Morrilton Wastewater Committee (MWC) and its members (collectively, defendants). We affirm.

Appellants each held an interest in a one-acre parcel of land in Conway County, Arkansas. In their Second Amended Complaint, they alleged that, by initiating proceedings to condemn the one-acre parcel, defendants violated their Fourteenth Amendment procedural and substantive due process and equal protection rights, and violated 18 U.S.C. § 1962(c) (the Racketeer Influenced and Corrupt Organizations Act (RICO)). Appellants sought compensatory and punitive damages totaling over $1.5 million. Richard Gooden also requested declaratory relief.

With respect to the due process and RICO claims, we hold upon de novo review that, even viewing the evidence in the light most favorable to plaintiffs, it cannot genuinely be disputed that City Attorney Virden was merely performing duties that were integrally a part of the judicial process when he engaged in the challenged conduct, and he is therefore entitled to absolute immunity. See Dornheim v. Sholes, 430 F.3d 919, 925 (8th Cir. 2005) (absolute immunity from civil rights suit applies where official was performing duties that were integrally part of judicial process, provided function was granted immunity under common law at time § 1983 was enacted); In re Castillo, 297 F.3d 940, 947-48 (9th Cir. 2002) (applying absolute quasi-judicial immunity under § 1983 to bankruptcy trustee and her assistant and noting many contexts in which immunity doctrine was traditionally extended under common law, including eminent domain (citing Burns v. Reed, 500 U.S. 478, 499-500 (1991) (Scalia, J., concurring in part and dissenting in part))); see also Wertish v. Krueger, 433 F.3d 1062, 1064 (8th Cir. 2006) (de novo standard of review); Auman

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

v. United States, 67 F.3d 157, 161-62 (8th Cir. 1995) (appellate court reviews judgments, not opinions, and may affirm on any ground supported by record regardless of whether counsel urged it or district court considered it).

The appellants' RICO claims against the other defendants fail for failure to produce sufficient evidence that they have standing to pursue such a claim or of acts of racketeering. Asa-Brandt, Inc. v. ADM Investor Servs., Inc., 377 F.3d 738, 752 (8th Cir 2003) (requirements for establishing standing to make RICO claim and for satisfying the elements of a RICO claim).

The appellants' also allege violations of both substantive and procedural due process. Both claims fail for failure to demonstrate that there was a deprivation of a constitutionally-protected liberty or property interest. See Creason v. City of Washington, 435 F.3d 820, 824 (8th Cir. 2006) (process for analyzing substantive due process claim); Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (to prevail on substantive due process claim plaintiff must show "deliberate indifference to a constitutional right in a manner that shocks the conscience"); Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1993) (procedural due process applies only to property and liberty interests encompassed by the 14th Amendment, and while those interests may be created by state laws and policies, violations of those laws or policies, without more, are not violations of federal due process rights).

We additionally note the undisputed fact that the City voluntarily dismissed the condemnation proceedings while they were still pending, which rendered moot Richard Gooden's request for declaratory relief. See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (§ 1983 action for declaratory relief was subject to dismissal where change in circumstances rendered controversy moot and there was no reasonable expectation that same complaining party would be subject to same action again).

Regarding the equal protection claim, we agree with the district court that there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law. Appellants' only evidence of an equal protection violation was Mayor Nelson's deposition testimony in which he recalled two entirely different cases where landowners sued the City for using property without an easement, and a third case in which the City negotiated with a landowner to purchase property for a completely different type of public use. Appellants made no showing of how these other landowners were similarly situated to them. See Gilmore v. County of Douglas, 406 F.3d 935, 937 (8th Cir. 2005) (plaintiff's equal protection claim under § 1983 required threshold showing that some government action caused her to be treated differently from others similarly situated).

The judgment of the district court is affirmed.

_____