# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4434

_____

Jeffrey L. Hill

*Plaintiff - Appellant*

v.

Ray Wallace; Lee Kriehbiel; University of Arkansas at Fort Smith

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: July 28, 2017
Filed: July 31, 2017
[Unpublished]

_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jeffrey Hill appeals after the district court[1] adversely granted summary judgment in his consolidated actions asserting due process and Thirteenth

_____

[1] The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

Amendment claims arising from his conditional admission to the University of Arkansas at Fort Smith.

We conclude that defendants' motion for summary judgment was appropriately granted, *see Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012) (grant of summary judgment is reviewed *de novo*), because there was no genuine issue as to whether Hill was deprived of his liberty or property, as required for a due process claim, *see Creason v. City of Washington*, 435 F.3d 820, 824 (8th Cir. 2006) (discussing requirements for due process claim), or subjected to slavery or involuntary servitude within the meaning of the Thirteenth Amendment, *see United States v. Kozminski*, 487 U.S. 931, 942 (1988) (discussing meaning of words "slavery" and "involuntary servitude" in Thirteenth Amendment). We further conclude that the district court did not abuse its discretion in denying Hill's motions for sanctions, *see Exec. Air Taxi Corp. v. City of Bismarck*, 518 F.3d 562, 571 (8th Cir. 2008) (denial of motion for sanctions is reviewed for abuse of discretion), or his motion under Federal Rule of Civil Procedure 60(b), *see In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) (denial of Rule 60(b) motion is reviewed for abuse of discretion; Rule 60(b) authorizes relief in only most exceptional cases).

Accordingly, we affirm. *See* 8th Cir. R. 47B. We also deny Hill's pending motion for sanctions.

_____